**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

| | | |
|---|---|---|
| TALENTSCALE, INC., | ) | |
| | ) | **Case No. 2:26-CV-1973** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SCOTT BEALE, | ) | |
| AVIATION CAPITAL PARTNERS, LLC, | ) | |
| AVIATION CAPITAL PARTNERS II, LLC, | ) | |
| FAST BIRD, LLC, | ) | |
| GH EQUIPMENT, LLC, and | ) | |
| AERODROME PROPERTIES, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ANSWER**

COMES NOW Defendant Scott Beale, by counsel, pursuant to Federal Rule of Civil Procedure 12(a), and for his Answer to Plaintiff Talentscale, Inc.'s ("Talentscale") Complaint, states as follows:

**INTRODUCTION**

1.     Admitted that Talentscale obtained a judgment against non-party Aery Aviation, LLC ("Aery") and that the judgment has not been satisfied. Denied that this action is necessary to set aside fraudulent transfers. The remaining allegations in this paragraph concern legal conclusions to which no response is required, but to the extent a response is required, denied.

2.     Denied.

3.     Admitted only that Beale testified, "It's not that I couldn't, I just wouldn't," at the referenced deposition. The remaining allegations in this paragraph are denied.

1

4.      This paragraph blends legal conclusions with misstatements that incorrectly omit necessary context, and parts are incorrect and confusing. Therefore, the allegations in this paragraph are denied.

5.      Denied that the transfers referenced in this paragraph are avoidable under Florida law. The remaining allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

6.      Admitted only that Talentscale seeks the relief requested in this paragraph. Denied that Talentscale is entitled to any such relief.

## THE PARTIES

7.      Upon information and belief, admitted.

8.      Admitted.

9.      This paragraph is predicated on a legal conclusion that conflates the rules governing a limited liability company's ("LLC") citizenship for purposes of subject matter jurisdiction with the distinct standards governing personal jurisdiction and appears to suggest that an LLC's citizenship may establish personal jurisdiction where none otherwise exists. Therefore, this paragraph indirectly seeks a legal conclusion, and no response is required. To the extent any response is required, denied.

10.     This paragraph is predicated on a legal conclusion that conflates the rules governing an LLC's citizenship for purposes of subject matter jurisdiction with the distinct standards governing personal jurisdiction and appears to suggest that an LLC's citizenship may establish personal jurisdiction where none otherwise exists. Therefore, this paragraph indirectly seeks a legal conclusion, and no response is required. To the extent any response is required, denied.

11.	This paragraph is predicated on a legal conclusion that conflates the rules governing an LLC's citizenship for purposes of subject matter jurisdiction with the distinct standards governing personal jurisdiction and appears to suggest that an LLC's citizenship may establish personal jurisdiction where none otherwise exists. Therefore, this paragraph indirectly seeks a legal conclusion, and no response is required. To the extent any response is required, denied.

12.	This paragraph is predicated on a legal conclusion that conflates the rules governing an LLC's citizenship for purposes of subject matter jurisdiction with the distinct standards governing personal jurisdiction and appears to suggest that an LLC's citizenship may establish personal jurisdiction where none otherwise exists. Therefore, this paragraph indirectly seeks a legal conclusion, and no response is required. To the extent any response is required, denied.

13.	This paragraph is predicated on a legal conclusion that conflates the rules governing an LLC's citizenship for purposes of subject matter jurisdiction with the distinct standards governing personal jurisdiction and appears to suggest that an LLC's citizenship may establish personal jurisdiction where none otherwise exists. Therefore, this paragraph indirectly seeks a legal conclusion, and no response is required. To the extent any response is required, denied.

14.	Beale has no obligation to respond to the allegations in this paragraph, as Aery is not a proper party to this action. To the extent a response is required, admitted.

## JURISDICTION AND VENUE

15.	The allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

16.	The allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

17.     The allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

18.     The allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

19.     Admitted that Talentscale obtained a judgment against Aery. The remaining allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

20.     Beale is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies the same.

### FACTS COMMON TO ALL ALLEGATIONS

21.     Admitted that on October 9, 2024, the United States District Court for the Eastern District of Virginia entered judgment in favor of Talentscale and against Aery. Further admitted that no appeal was taken and that the judgment has not been satisfied. The Judgment speaks for itself, and Beale denies the allegations in this paragraph to the extent they differ from the terms of the Judgment.

22.     The allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

23.     Admitted that Talentscale domesticated the Judgment in the Middle District of Florida and has undertaken collection efforts. Further admitted that Aery has not satisfied the judgment. Beale is without sufficient knowledge or information to form a belief as to the truth or falsity of the scope of Talentscale's collection efforts and therefore denies the same.

24.     Denied. This paragraph selectively characterizes Aery's financial circumstances and omits material facts concerning the liens and contractual restrictions governing Aery's credit

4

facility and the use of borrowed funds. To Beale's knowledge, the increase in the credit facility did not make those funds available to satisfy the Judgment, and the referenced transfer does not support the allegation that Aery deliberately refused to pay the Judgment.

25. Admitted only that the listed individuals are members of Aery. The remaining allegations in this paragraph are denied.

26. Admitted only that the individuals identified in this paragraph are members of the entities identified therein. The remaining allegations in this paragraph are denied.

27. Admitted that Aery is a tenant in a hangar titled to Aerodrome. Otherwise, Beale denies the allegations of this paragraph. Although the paragraph contains isolated factual assertions, it combines those assertions with material omissions, argumentative characterizations, and unsupported conclusions in a manner that renders the paragraph, taken as a whole, false and misleading. The paragraph is not reasonably susceptible to further admission or denial in part without creating a misleading impression.

28. The allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

29. Denied.

30. Denied.

31. Denied.

32. Admitted that Aery has historically, from time to time, as appropriate and when available, issued certain distributions to its members, including distributions to cover tax liabilities; otherwise, this paragraph is denied. Further, this paragraph seeks to improperly blur corporate distinctions between entities and business purposes, and seeks, through improper implication, to

suggest that appropriate fund transfers in a certain context were used for a different context, and thus this paragraph is further denied on this additional basis.

33.     Admitted that Aery has historically, from time to time, as appropriate and when available, issued certain distributions to its members, including distributions to cover tax liabilities; otherwise, this paragraph is denied.  Further, this paragraph seeks to improperly blur corporate distinctions between entities and business purposes, and seeks, through improper implication, to suggest that appropriate fund transfers in a certain context were used for a different context, and thus this paragraph is further denied on this additional basis.

34.     Admitted that Aery has historically, from time to time, as appropriate and when available, issued certain distributions to its members, including distributions to cover tax liabilities; otherwise, this paragraph is denied.  Further, this paragraph seeks to improperly blur corporate distinctions between entities and business purposes, and seeks, through improper implication, to suggest that appropriate fund transfers in a certain context were used for a different context, and thus this paragraph is further denied on this additional basis.

35.     Admitted that Aery has historically, from time to time, as appropriate and when available, issued certain distributions to its members, including distributions to cover tax liabilities; otherwise, this paragraph is denied.  Further, this paragraph seeks to improperly blur corporate distinctions between entities and business purposes, and seeks, through improper implication, to suggest that appropriate fund transfers in a certain context were used for a different context, and thus this paragraph is further denied on this additional basis.

36.     Admitted that Aery has historically, from time to time, as appropriate and when available, issued certain distributions to its members, including distributions to cover tax liabilities; otherwise, this paragraph is denied.  Further, this paragraph seeks to improperly blur corporate

distinctions between entities and business purposes, and seeks, through improper implication, to suggest that appropriate fund transfers in a certain context were used for a different context, and thus this paragraph is further denied on this additional basis.

37.    Denied.

38.    Admitted that the proceedings referenced in this paragraph occurred. The orders and opinions referenced therein speak for themselves. Beale denies the remaining allegations in this paragraph, including any characterization of their legal significance or effect.

39.    Denied that Aviation Capital Partners, LLC ("ACP") is an insider of Aery within the meaning of Fla. Stat. § 726.102(8). Admitted only that ACP leases aircraft to Aery. The remaining allegations in this paragraph are predicated on a legal conclusion that conflates ownership of membership interests with control of limited liability companies. Therefore, the remaining allegations in this paragraph indirectly seek a legal conclusion to which no response is required. To the extent a response is required, denied.

40.    Admitted that Aery has historically, from time to time, as appropriate and when available, issued certain distributions to its members, including distributions to cover tax liabilities; otherwise, this paragraph is denied. Further, this paragraph seeks to improperly blur corporate distinctions between entities and business purposes, and seeks, through improper implication, to suggest that appropriate fund transfers in a certain context were used for a different context, and thus this paragraph is further denied on this additional basis.

41.    The allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

42.    Admitted that Aery has historically, from time to time, made certain transfers to certain entities as appropriate; otherwise, this paragraph is denied. Further, this paragraph seeks to

7

improperly blur corporate distinctions between entities and business purposes, and seeks, through improper implication, to suggest that appropriate fund transfers in a certain context were used for a different context, and thus this paragraph is further denied on this additional basis.

43.    Admitted that Aery has historically, from time to time, made certain transfers to certain entities as appropriate; otherwise, this paragraph is denied. Further, this paragraph seeks to improperly blur corporate distinctions between entities and business purposes, and seeks, through improper implication, to suggest that appropriate fund transfers in a certain context were used for a different context, and thus this paragraph is further denied on this additional basis.

44.    Admitted that Aery and ACP have historically, from time to time, made certain transfers to certain entities as appropriate; otherwise, this paragraph is denied. Further, this paragraph seeks to improperly blur corporate distinctions between entities and business purposes, and seeks, through improper implication, to suggest that appropriate fund transfers in a certain context were used for a different context, and thus this paragraph is further denied on this additional basis.

45.    Denied.

46.    Beale is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies the same.

47.    Beale is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph. Further, the allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

48.    Denied.

49.    Admitted that Aery has historically, from time to time, made certain transfers to certain entities as appropriate; otherwise, this paragraph is denied. Further, this paragraph seeks to

8

improperly blur corporate distinctions between entities and business purposes, and seeks, through improper implication, to suggest that appropriate fund transfers in a certain context were used for a different context, and thus this paragraph is further denied on this additional basis.

50.     Admitted that Aery has historically, from time to time, made certain transfers to certain entities as appropriate; otherwise, this paragraph is denied. Further, this paragraph seeks to improperly blur corporate distinctions between entities and business purposes, and seeks, through improper implication, to suggest that appropriate fund transfers in a certain context were used for a different context, and thus this paragraph is further denied on this additional basis.

51.     Admitted that Aery has historically, from time to time, made certain transfers to certain entities as appropriate; otherwise, this paragraph is denied. Further, this paragraph seeks to improperly blur corporate distinctions between entities and business purposes, and seeks, through improper implication, to suggest that appropriate fund transfers in a certain context were used for a different context, and thus this paragraph is further denied on this additional basis.

52.     Admitted that Aery has historically, from time to time, made certain transfers to certain entities as appropriate; otherwise, this paragraph is denied. Further, this paragraph seeks to improperly blur corporate distinctions between entities and business purposes, and seeks, through improper implication, to suggest that appropriate fund transfers in a certain context were used for a different context, and thus this paragraph is further denied on this additional basis.

53.     Denied that Fast Bird, LLC ("Fast Bird") and Beale are insiders of Aery within the meaning of Fla. Stat. § 726.102(8). Admitted only that the identified individuals are members of Fast Bird. The remaining allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

54.     Beale is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies the same.

55.     Beale is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies the same.

56.     The allegations in this paragraph contain a legal conclusion to which no response is required. Additionally, Beale is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph. Accordingly, denied.

57.     The allegations in this paragraph contain a legal conclusion to which no response is required. To the extent a response is required, denied.

58.     The allegations in this paragraph contain a legal conclusion to which no response is required. To the extent a response is required, denied.

59.     Beale is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies the same.

60.     Beale is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

61.     Beale is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

62.     Denied that Aerodrome Properties, LLC ("Aerodrome") is an insider of Aery within the meaning of Fla. Stat. § 726.102(8). Admitted only that the identified individuals are members of Aerodrome, and Aerodrome holds title to the referenced property. The remaining allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

63.     Beale is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph and therefore denies the same.

64.     Admitted that Aery has historically, from time to time, made certain transfers to certain entities as appropriate; otherwise, this paragraph is denied. Further, this paragraph seeks to improperly blur corporate distinctions between entities and business purposes, and seeks, through improper implication, to suggest that appropriate fund transfers in a certain context were used for a different context, and thus this paragraph is further denied on this additional basis.

65.     Beale is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies the same.

66.     Beale is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies the same.

67.     Beale is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies the same.

68.     Beale is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies the same.

69.     Beale is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies the same.

70.     Admitted that Talentscale provided workers to Aery, and further stated that, in material instances, those workers were not qualified to perform the work they were contracted to perform.  Admitted that Aery paid substantial sums of money to Talentscale, despite Talentscale's failures and breaches.  Admitted that Aery did not pay all of Talentscale's invoices.  Otherwise, the remaining allegations in this paragraph are denied.

71.     Admitted.

72. Beale is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies the same.

73. Beale is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies the same.

74. Admitted only that Aery represented that payment depended on future receipts, financing events, or aircraft-related transactions. Beale is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in this paragraph and, therefore, denies the same.

75. Beale is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies the same.

76. Beale is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies the same.

77. Beale is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies the same.

78. Admitted.

79. Beale is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies the same.

80. Denied.

81. Beale is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies the same.

82. Beale is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies the same.

83.     Beale is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies the same.

84.     Admitted.

85.     Denied.

86.     Admitted that at a certain point, payments to Talentscale did not continue. The remaining allegations in this paragraph are denied.

87.     Admitted only that the Judgment remains unsatisfied. The remaining allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

88.     Denied.

89.     Beale is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies the same.

90.     Beale is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies the same.

91.     Admitted that the difference between the two amounts referenced in this paragraph is $513. Beale is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in this paragraph and, therefore, denies the same.

92.     Denied. This paragraph selectively characterizes Aery's financial circumstances and omits material facts concerning the liens and contractual restrictions governing Aery's credit facility and the use of borrowed funds. To Beale's knowledge, the increase in the credit facility did not make those funds available to satisfy the Judgment, and the referenced transfer does not support the allegation that Aery deliberately refused to pay the Judgment.

13

93. Beale is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies the same.

94. Beale is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies the same.

95. Beale is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies the same.

96. Denied. This paragraph selectively characterizes Aery's financial circumstances and omits material facts concerning the liens and contractual restrictions governing Aery's credit facility and the use of borrowed funds. To Beale's knowledge, the increase in the credit facility did not make those funds available to satisfy the Judgment, and the referenced transfer does not support the allegation that Aery deliberately refused to pay the Judgment.

97. Beale is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies the same.

98. Beale is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies the same.

99. Beale is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies the same.

100. Denied.

101. Beale is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies the same.

102. Beale is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies the same.

103. Beale is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies the same.

104. Admitted.

105. Beale is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies the same.

106. Beale is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies the same.

107. Denied.

108. Denied.

109. Denied.

110. Admitted only that a residence was constructed on the identified property for approximately the amount alleged. The remaining allegations in this paragraph are denied.

111. Admitted only that Aery has historically, from time to time, as appropriate and when available, issued certain distributions to its members, and that Beale acquired an ownership interest in the identified property and holds title as a tenant in common with Christine Renee Lannon; otherwise, this paragraph is denied. Further, this paragraph seeks to improperly blur corporate distinctions between entities and business purposes, and seeks, through improper implication, to suggest that appropriate fund transfers in a certain context were used for a different context, and thus this paragraph is further denied on this additional basis.

112. To the extent this paragraph references a sworn personal financial statement, the document speaks for itself, and Beale denies any characterization of or variation from its contents. The remaining allegations consist of legal conclusions concerning the existence, scope, or

15

enforceability of an equitable lien or constructive trust, to which no response is required. To the extent a response is deemed required, Beale denies the remaining allegations.

113.    To the extent this paragraph references a sworn personal financial statement, the document speaks for itself, and Beale denies any characterization of or variation from its contents. The remaining allegations consist of legal conclusions concerning the existence, scope, or enforceability of an equitable lien or constructive trust, to which no response is required. To the extent a response is deemed required, Beale denies the remaining allegations.

114.    Denied.

115.    Beale is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations concerning Aery's alleged ownership interests in the properties referenced in this paragraph and, therefore, denies the same. Beale and Aery are separate legal entities, and any ownership interest held by Beale is separate and distinct from any ownership interest held by Aery. The remaining allegations concerning Aery's obligations or any obligation to repay Aery constitute legal conclusions to which no response is required. To the extent a response is required, denied.

116.    Beale is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegation that Aery failed to pay "liquidated trade debts," as Talentscale does not identify the purported debts at issue. Beale is further without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations concerning Aery's purported failure to pay debts as they matured because Talentscale fails to identify which creditors or obligations form the basis of those allegations and, therefore, denies the same. By way of further answer, Aery has paid, and continues to pay, its creditors in accordance with the respective priority of their claims and applicable contractual and legal obligations. The remaining allegations in this paragraph

concern legal conclusions to which no response is required. To the extent a response is required, denied.

117. The allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

118. The allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

119. The allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

120. Beale is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies the same. Further, the allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

121. Admitted only that Aery has historically, from time to time, as appropriate and when available, issued certain distributions to its members, including distributions to cover tax liabilities; otherwise, this paragraph is denied. Further, this paragraph seeks to improperly blur corporate distinctions between entities and business purposes, and seeks, through improper implication, to suggest that appropriate fund transfers in a certain context were used for a different context, and thus this paragraph is further denied on this additional basis.

122. Beale is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies the same. Further, the allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

17

123. The allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

124. Beale is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies the same. Further, the allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

125. Beale is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies the same. Further, the allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

126. Admitted that Beale testified that Aery had been insolvent during the six to twelve months preceding his November 10, 2025 deposition. Beale is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in this paragraph and, therefore, denies the same. Further, the remaining allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

127. Admitted only that Beale received distributions in accordance with his membership interest. Otherwise, Beale denies the allegations of this paragraph. Although the paragraph contains isolated factual assertions, it combines those assertions with material omissions, argumentative characterizations, and unsupported conclusions in a manner that renders the paragraph, taken as a whole, false and misleading. The paragraph is not reasonably susceptible to further admission or denial in part without creating a misleading impression.

128. The allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

129. The allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

130. The allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

131. The allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

132. Admitted that Talentscale has undertaken collection efforts with respect to its Judgment and that Aery objected to Talentscale's improper collection attempts. Beale is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations concerning the nature, scope, or effectiveness of those collection efforts and, therefore, denies the same. Denied that Aery improperly withheld responsive documents and/or information, and that the referenced 2021 and 2022 transfers were insider transfers. The remaining allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

133. Denied.

**COUNT I**
**ACTUAL FRAUDULENT TRANSFER**
**Fla. Stat. § 726.105(1)(a)**
**(Against Defendant Scott Beale)**

134. Beale incorporates his answers to all the preceding paragraphs as if fully set forth herein.

135. Admitted that Aery has historically, from time to time, as appropriate and when available, issued certain distributions to its members, including distributions to cover tax liabilities; otherwise, this paragraph is denied. Further, this paragraph seeks to improperly blur corporate distinctions between entities and business purposes, and seeks, through improper implication, to

19

suggest that appropriate fund transfers in a certain context were used for a different context, and thus this paragraph is further denied on this additional basis.

136. The allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

137. Denied.

138. Denied.

139. The allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

140. The allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

141. Denied.

## COUNT II
## ACTUAL FRAUDULENT TRANSFER
### Fla. Stat. § 726.105(1)(a)
### (Against Defendant Aviation Capital Partners, LLC)

142. Beale incorporates his answers to all the preceding paragraphs as if fully set forth herein.

143. Admitted that Aery has historically, from time to time, made certain transfers to certain entities as appropriate; otherwise, this paragraph is denied. Further, this paragraph seeks to improperly blur corporate distinctions between entities and business purposes, and seeks, through improper implication, to suggest that appropriate fund transfers in a certain context were used for a different context, and thus this paragraph is further denied on this additional basis.

144. The allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

145. Denied.

146.   Denied.

147.   The allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

148.   This paragraph references certain proceedings that are publicly available on Pacer; to the extent this paragraph contradicts such proceedings, denied.  Further denied as to any other purpose this paragraph seeks to allege, other than cross reference to the historical fact of the exact filings available on Pacer.

149.   Denied.

## COUNT III
## ACTUAL FRAUDULENT TRANSFER
### Fla. Stat. § 726.105(1)(a)
### (Against Defendant Aviation Capital Partners II, LLC)

150.   Beale incorporates his answers to all the preceding paragraphs as if fully set forth herein.

151.   Admitted that Aery has historically, from time to time, made certain transfers to certain entities as appropriate; otherwise, this paragraph is denied. Further, this paragraph seeks to improperly blur corporate distinctions between entities and business purposes, and seeks, through improper implication, to suggest that appropriate fund transfers in a certain context were used for a different context, and thus this paragraph is further denied on this additional basis.

152.   The allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

153.   Denied.

154.   Denied.

155.   The allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

21

156.   Admitted only that Aery and Aviation Capital Partners II, LLC ("ACP II") entered into certain agreements and performed certain obligations thereunder. Otherwise, Beale denies the allegations of this paragraph. Although the paragraph contains isolated factual assertions, it combines those assertions with material omissions, argumentative characterizations, and unsupported conclusions in a manner that renders the paragraph, taken as a whole, false and misleading. The paragraph is not reasonably susceptible to further admission or denial in part without creating a misleading impression.

157.   Denied.

**COUNT IV**
**ACTUAL FRAUDULENT TRANSFER**
**Fla. Stat. § 726.105(1)(a)**
**(Against Defendant Fast Bird, LLC)**

158.   Beale incorporates his answers to all the preceding paragraphs as if fully set forth herein.

159.   Admitted that Aery has historically, from time to time, made certain transfers to certain entities as appropriate; otherwise, this paragraph is denied. Further, this paragraph seeks to improperly blur corporate distinctions between entities and business purposes, and seeks, through improper implication, to suggest that appropriate fund transfers in a certain context were used for a different context, and thus this paragraph is further denied on this additional basis.

160.   The allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

161.   Denied.

162.   Denied.

163.   The allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

164.    Admitted only that Aery and Fast Bird have engaged in certain business dealings. Otherwise, Beale denies the allegations of this paragraph. Although the paragraph contains isolated factual assertions, it combines those assertions with material omissions, argumentative characterizations, and unsupported conclusions in a manner that renders the paragraph, taken as a whole, false and misleading. The paragraph is not reasonably susceptible to further admission or denial in part without creating a misleading impression.

165.    Denied.

## COUNT V
## ACTUAL FRAUDULENT TRANSFER
### Fla. Stat. § 726.105(1)(a)
### (Against Defendant GH Equipment, LLC)

166.    Beale incorporates his answers to all the preceding paragraphs as if fully set forth herein.

167.    Beale is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in this paragraph and, therefore, denies the same.

168.    The allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

169.    Denied.

170.    Denied.

171.    The allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

172.    The referenced auditor report speaks for itself, denied to the extent said statement deviate from said report. Otherwise, denied.

173.    Denied.

## COUNT VI

23

**ACTUAL FRAUDULENT TRANSFER**
**Fla. Stat. § 726.105(1)(a)**
**(Against Defendant Aerodrome Properties, LLC)**

174. Beale incorporates his answers to all the preceding paragraphs as if fully set forth herein.

175. Beale is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in this paragraph and, therefore, denies the same.

176. The allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

177. Denied.

178. Denied.

179. The allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

180. Beale is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in this paragraph and, therefore, denies the same.

181. Denied.

**COUNT VII**
**CONSTRUCTIVE FRAUDULENT TRANSFER**
**Fla. Stat. § 726.105(1)(b)**
**(Against Defendant Scott Beale, In the Alternative)**

182. Beale incorporates his answers to all the preceding paragraphs as if fully set forth herein.

183. The allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

184. The allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

24

185.    Denied.

186.    Denied.

187.    Denied.

## COUNT VIII
### CONSTRUCTIVE FRAUDULENT TRANSFER
### Fla. Stat. § 726.105(1)(b)
### (Against Defendant Aviation Capital Partners,
### LLC, In the Alternative)

188.    Beale incorporates his answers to all the preceding paragraphs as if fully set forth herein.

189.    The allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

190.    The allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

191.    Denied.

192.    Denied.

193.    Denied.

## COUNT IX
### CONSTRUCTIVE FRAUDULENT TRANSFER
### Fla. Stat. § 726.105(1)(b)
### (Against Defendant Aviation Capital
### Partners II, LLC, In the Alternative)

194.    Beale incorporates his answers to all the preceding paragraphs as if fully set forth herein.

195.    Admitted that Aery has historically, from time to time, made certain transfers to certain entities as appropriate; otherwise, this paragraph is denied. Further, this paragraph seeks to improperly blur corporate distinctions between entities and business purposes, and seeks, through

improper implication, to suggest that appropriate fund transfers in a certain context were used for a different context, and thus this paragraph is further denied on this additional basis.

196. This paragraph selectively characterizes Aery's financial circumstances and omits material facts concerning the liens and contractual restrictions governing Aery's available funds. Further, the referenced transfer does not support the allegation that Aery deliberately refused to pay the Judgment. Ultimately, the allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

197. The allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

198. Denied.

199. Denied.

### COUNT X
### CONSTRUCTIVE FRAUDULENT TRANSFER
### Fla. Stat. § 726.105(1)(b)
### (Against Defendant Fast Bird, LLC, In the Alternative)

200. Beale incorporates his answers to all the preceding paragraphs as if fully set forth herein.

201. Admitted that Aery has historically, from time to time, made certain transfers to certain entities as appropriate; otherwise, this paragraph is denied. Further, this paragraph seeks to improperly blur corporate distinctions between entities and business purposes, and seeks, through improper implication, to suggest that appropriate fund transfers in a certain context were used for a different context, and thus this paragraph is further denied on this additional basis.

202. The allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

203. Denied.

204. Denied.

205. Denied.

## COUNT XI
## CONSTRUCTIVE FRAUDULENT TRANSFER
### Fla. Stat. § 726.105(1)(b)
### (Against Defendant Aerodrome Properties, LLC, In the Alternative)

206. Beale incorporates his answers to all the preceding paragraphs as if fully set forth herein.

207. The allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

208. The allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

209. Denied.

210. Denied.

211. Denied.

## COUNT XII
## CONSTRUCTIVE FRAUDULENT TRANSFER
### Fla. Stat. § 726.106(1)
### (Against Defendant Scott Beale, In the Alternative)

212. Beale incorporates his answers to all the preceding paragraphs as if fully set forth herein.

213. The allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

214. The allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

215. The allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

216. Denied.

217. Denied.

218. The allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

219. The allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

220. Denied.

**COUNT XIII**
**CONSTRUCTIVE FRAUDULENT TRANSFER**
**Fla. Stat. § 726.106(1)**
**(Against Defendant Aviation Capital Partners, LLC,**
**In the Alternative)**

221. Beale incorporates his answers to all the preceding paragraphs as if fully set forth herein.

222. The allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

223. The allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

224. The allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

225. Denied.

226. The allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

227. The allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

228. The allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

229. Denied.

### COUNT XIV
### CONSTRUCTIVE FRAUDULENT TRANSFER
### Fla. Stat. § 726.106
### (Against Defendant Aviation Capital
### Partners II, LLC, In the Alternative)

230. Beale incorporates his answers to all the preceding paragraphs as if fully set forth herein.

231. The allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

232. The allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

233. Admitted that Aery has historically, from time to time, made certain transfers to certain entities as appropriate; otherwise, this paragraph is denied. Further, this paragraph seeks to improperly blur corporate distinctions between entities and business purposes, and seeks, through improper implication, to suggest that appropriate fund transfers in a certain context were used for a different context, and thus this paragraph is further denied on this additional basis.

234. Denied.

235. Admitted only that Aery and ACP II entered into certain agreements and performed certain obligations thereunder. Otherwise, Beale denies the allegations of this paragraph. Although the paragraph contains isolated factual assertions, it combines those assertions with material

omissions, argumentative characterizations, and unsupported conclusions in a manner that renders the paragraph, taken as a whole, false and misleading. The paragraph is not reasonably susceptible to further admission or denial in part without creating a misleading impression.

236.    The allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

237.    Denied.

238.    The allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

239.    Denied.

## COUNT XV
## CONSTRUCTIVE FRAUDULENT TRANSFER
### Fla. Stat. § 726.106
### (Against Defendant Fast Bird, LLC,
### In the Alternative)

240.    Beale incorporates his answers to all the preceding paragraphs as if fully set forth herein.

241.    The allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

242.    The allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

243.    Admitted that Aery has historically, from time to time, made certain transfers to certain entities as appropriate; otherwise, this paragraph is denied. Further, this paragraph seeks to improperly blur corporate distinctions between entities and business purposes, and seeks, through improper implication, to suggest that appropriate fund transfers in a certain context were used for a different context, and thus this paragraph is further denied on this additional basis.

30

244.   Denied.

245.   Admitted only that Aery and Fast Bird have engaged in certain business dealings. Otherwise, Beale denies the allegations of this paragraph. Although the paragraph contains isolated factual assertions, it combines those assertions with material omissions, argumentative characterizations, and unsupported conclusions in a manner that renders the paragraph, taken as a whole, false and misleading. The paragraph is not reasonably susceptible to further admission or denial in part without creating a misleading impression.

246.   The allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

247.   The allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

248.   Denied.

### COUNT XVI
### CONSTRUCTIVE FRAUDULENT TRANSFER
### Fla. Stat. § 726.106
### (Against Defendant Aerodrome Properties, LLC,
### In the Alternative)

249.   Beale incorporates his answers to all the preceding paragraphs as if fully set forth herein.

250.   The allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

251.   The allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

252.   The allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

253.    Denied.

254.    The allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

255.    The allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

256.    The allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

257.    Denied.

## COUNT XVII
## FRAUDULENT ASSET CONVERSION
### Fla. Stat. § 222.30
### (Against Defendant Beale)

258.    Beale incorporates his answers to all the preceding paragraphs as if fully set forth herein.

259.    The allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

260.    Denied.

261.    Denied.

262.    The allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

263.    The allegations in this paragraph concern legal conclusions to which no response is required. To the extent a response is required, denied.

264.    Denied.

Denied that Talentscale is entitled to any of the relief requested in its Prayer for Relief.

## AFFIRMATIVE AND OTHER DEFENSES

1.      Talentscale fails to state any cause of action upon which relief can be granted.

2.      Talentscale's claims are barred, in whole or in part, because neither Beale nor any entity Defendants are a debtor of Talentscale within the meaning of Fla. Stat. § 726.102(7).

3.      Talentscale's claims are barred, in whole or in part, because to the extent any transfer occurred, such transfer was made in exchange for reasonably equivalent value and/or in satisfaction of valid contractual or legal obligations.

4.      Talentscale's claims are barred, in whole or in part, because to the extent any transfer occurred, such transfer was made in good faith and for value.

5.      Talentscale's claims are barred, in whole or in part, because to the extent any transfer occurred, such transfer was not made with the actual intent to hinder, delay, or defraud creditors.

6.      Talentscale's claims are barred, in whole or in part, to the extent the challenged transfers constitute payment of valid obligations in accordance with the respective contractual and legal priority of Aery's creditors. Talentscale's judgment did not elevate its claim above creditors with superior priority.

7.      Talentscale's claims are barred, in whole or in part, by Fla. Stat. § 726.109(5)(b) to the extent the challenged transfers were made pursuant to valid security interests, financing agreements, and contractual restrictions, and satisfied obligations secured by valid liens or otherwise having contractual or legal priority over Talentscale's Judgment.

8.      Talentscale's claims are barred, in whole or in part, by Fla. Stat. § 726.109(6)(c) to the extent any transfer challenged in the Complaint was made as part of a good-faith effort to

rehabilitate Aery, and secured present value given for that purpose, together with antecedent debt owed by Aery.

9.    Talentscale's claims are barred, in whole or in part, by Fla. Stat. § 726.10.

10.    Talentscale's claims are barred, in whole or in part, by Fla. Stat. § 222.30(5).

11.    Talentscale's claims are barred, in whole or in part, to the extent they seek to avoid transfers involving property exempt from execution or property subject to valid, perfected liens or other superior security interests.

12.    Talentscale's claims are barred, in whole or in part, because it has failed to join one or more parties required under Federal Rule of Civil Procedure 19.

13.    Talentscale is barred from obtaining any equitable relief by the doctrine of unclean hands.

14.    Talentscale is barred from recovering attorney fees because Chapter 726 does not authorize an award of attorney fees, and Talentscale has identified no independent contractual or statutory basis for such recovery.

15.    Beale reserves any additional affirmative and other defenses as may be available to him or revealed during the course of investigation and/or discovery in this case.

WHEREFORE Defendant Scott Beale prays that this Court dismiss Talentscale, Inc.'s Complaint with prejudice, and award Scott Beale any other such relief as this Court deems appropriate.

Respectfully Submitted,

**SCOTT BEALE**

By: /s/ Rachel L.T. Rodriguez
        Of Counsel

34

Rachel L.T. Rodriguez
FL Bar No. 110425
VIRES LAW GROUP, PLLC
515 N. Flagler Dr., Suite 350
West Palm Beach, FL 33401
Tel: (561) 370-7383
rrodriguez@vireslaw.group

Erin C. McDaniel (VSB No. 94884)
*PRO HAC VICE*
DAVIS, BURCH & ABRAMS
555 Belaire Ave, Suite 340
Chesapeake, VA 23320
Tel: (757) 410-2293
erin.mcdaniel@davisba.com

35

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of July 2026, a true and accurate copy of the foregoing was electronically filed via the Court's CM/ECF system, which will send notification of such filing to the following:

Kenneth E. Chase
CHASE LAW & ASSOCIATES, PA
1141 71st Street
Miami Beach, FL 33141
Tel: 305-402-9800
kchase@chaselaw.com
*Counsel for Plaintiff*

 /s/ Rachel L.T. Rodriguez