**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

| | | |
|---|---|---|
| TALENTSCALE, INC., | ) | |
| | ) | **Case No. 2:26-CV-1973** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SCOTT BEALE, | ) | |
| AVIATION CAPITAL PARTNERS, LLC, | ) | |
| AVIATION CAPITAL PARTNERS II, LLC, | ) | |
| FAST BIRD, LLC, | ) | |
| GH EQUIPMENT, LLC, and | ) | |
| AERODROME PROPERTIES, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' RULE 12(B)(2) MOTION TO DISMISS**

Now come the Defendants Aviation Capital Partners, LLC ("ACP"), Aviation Capital Partners II, LLC ("ACP II"), Fast Bird, LLC ("Fast Bird"), GH Equipment, LLC ("GHE"), and Aerodrome Properties, LLC ("Aerodrome") (collectively, "Entity Defendants"), by counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(2), move this Court to dismiss the Complaint filed by Plaintiff Talentscale, Inc. for lack of personal jurisdiction over the Entity Defendants. In support, the Entity Defendants refer this Court to their Memorandum in Support filed contemporaneously with this Motion.

WHEREFORE, for the reasons stated in the accompanying Memorandum in Support of this Motion to Dismiss, the Entity Defendants respectfully request the Court (1) grant their motion to dismiss; (2) dismiss the Complaint against the Entity Defendants with prejudice, and (3) grant any other relief this Court deems just and appropriate.

1

**L.R. 3.01(g) Certificate of Conferral**

Undersigned counsel hereby certifies that counsel for Defendants sought Plaintiff's position

regarding this motion through counsel by email correspondence and after correspondence for six

days, received clarification that Plaintiff's Counsel opposes the motion.

Respectfully Submitted,
AVIATION CAPITAL PARTNERS, LLC
AVIATION CAPITAL PARTNERS II, LLC
FAST BIRD, LLC
GH EQUIPMENT, LLC
AERODROME PROPERTIES, LLC

By: /s/ Rachel L.T. Rodriguez
          Of Counsel


Rachel L.T. Rodriguez
FL Bar No. 110425
Vires Law Group, PLLC
515 N. Flagler Dr., Suite 350
West Palm Beach, FL 33401
Tel: (561) 370-7383
rrodriguez@vireslaw.group

Erin C. McDaniel (VSB No. 94884)
*PRO HAC VICE*
Davis, Burch & Abrams
555 Belaire Ave, Suite 340
Chesapeake, VA 23320
Tel: (757) 410-2293
erin.mcdaniel@davisba.com


**CERTIFICATE OF SERVICE**

        I hereby certify that on this 23rd day of July 2026, a true and accurate copy of the foregoing was electronically filed via the Court's CM/ECF system, which will send notification of such filing to the following:

Kenneth E. Chase
CHASE LAW & ASSOCIATES, PA
951 Yamato Road, Suite 280
Boca Raton, FL 33431
Tel: 305-402-9800
kchase@chaselaw.com
*Counsel for Plaintiff*

By: /s/ Rachel L.T. Rodriguez

3

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

| | | |
|---|---|---|
| TALENTSCALE, INC., | ) | |
| | ) | **Case No. 2:26-CV-1973** |
|     **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SCOTT BEALE, | ) | |
| AVIATION CAPITAL PARTNERS, LLC, | ) | |
| AVIATION CAPITAL PARTNERS II, LLC, | ) | |
| FAST BIRD, LLC, | ) | |
| GH EQUIPMENT, LLC, and | ) | |
| AERODROME PROPERTIES, LLC, | ) | |
| | ) | |
|     **Defendants.** | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF
DEFENDANTS' RULE 12(B)(2) MOTION TO DISMISS**

Now come the Defendants Aviation Capital Partners, LLC ("ACP"), Aviation Capital

Partners II, LLC ("ACP II"), Fast Bird, LLC ("Fast Bird"), GH Equipment, LLC ("GHE"), and

Aerodrome Properties, LLC ("Aerodrome") (collectively, "Entity Defendants"), by counsel, and

for their Memorandum in Support of their Motion to Dismiss for Lack of Personal Jurisdiction,

state as follows:

## I.    INTRODUCTION

Talentscale seeks to hale five foreign limited liability companies into a Florida court based

entirely on the Florida residence of one of the owners. But neither Florida's long-arm statute nor

the Due Process Clause permits personal jurisdiction on that basis. Because the Complaint fails

to allege facts establishing either a statutory basis for personal jurisdiction or the constitutionally

required minimum contacts, the Complaint must be dismissed as to the Entity Defendants.

## II.    LEGAL STANDARD

"A federal court sitting in diversity may properly exercise jurisdiction over a defendant only if two requirements are met: (1) the state long-arm statute, and (2) the Due Process Clause of the Fourteenth Amendment." *Posner, et al. v. Essex Insur. Co., Ltd.*, 178 F.3d. 1209, 1214 (11th Cir. 1999). Moreover, the plaintiff bears the initial burden of pleading sufficient facts in the complaint to make out a prima facie case for jurisdiction over the defendants. *Id.*

Pursuant to the "Due Process Clause, a court's ability to exercise personal jurisdiction 'depends on the defendant's having such contacts with the forum state that 'the maintenance of the suit' is 'reasonable, in the context of our federal system of government,' and 'does not offend traditional notions of fair play and substantial justice.'" *Talentscale, Inc. v. Aery Aviation, LLC*, 807 F. Supp 3d. 1354, 1358 (N.D. Fla. 2025). Further, "for the purposes of general personal jurisdiction, a limited liability company's citizenship is that of its principal place of business and its state of incorporation." *Id.* at 1359.

## III.    ARGUMENT

Talentscale has not pled sufficient facts to establish a prima facie case for jurisdiction over the Entity Defendants. Talentscale admits in the Complaint that none of the Entity Defendants are Florida entities. *See* ECF Doc No. 1 at ¶¶ 9-13. Moreover, the Complaint is devoid of factual allegations establishing that either the Florida long-arm statute confers personal jurisdiction over the Entity Defendants or that exercising personal jurisdiction over them comports with the Due Process Clause. Accordingly, this Court should dismiss the Complaint with prejudice as to the Entity Defendants.

### A.    The Florida long-arm statute does not establish personal jurisdiction over the Entity Defendants.

"A federal court can exercise personal jurisdiction over a non-resident defendant as permitted by the long-arm statute of the forum state." *Elandia Int'l, Inc. v. Ah Koy*, 690 F. Supp.

2d 1317, 1327 (S.D. Fla. 2010). Courts strictly interpret Florida's long-arm statute. *Id.* Pursuant to the statute, Florida courts can exercise either general or specific personal jurisdiction over an out-of-state defendant. Florida courts can exercise general personal jurisdiction over any claims against a defendant if the defendant engages in "substantial and not isolated activity in Florida." *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1204 (11th Cir. 2015) (*citing* Florida's long-arm statute). "A foreign corporation cannot be subject to general jurisdiction in a forum unless the corporation's activities in the forum closely approximate the activities that ordinarily characterize a corporation's place of incorporation or principal place of business." *Id.* at 1205. Thus, "only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Id.* at 1204 (quoting *Daimler AG v. Bauman*, 571 U.S. 117 (2014)). Further, a Florida court's ability to exercise general jurisdiction over a defendant extends to the limits of the Due Process Clause.[1] *Id.* at 1204. Florida courts can exercise specific jurisdiction over a foreign entity where it committed one of the acts enumerated in the Florida long-arm statute. Fl. Stat. § 48.193. Here, Talentscale alleges no facts establishing either general jurisdiction or any statutory basis for specific jurisdiction under § 48.193.

In a conclusory manner, paragraph 17 of the Complaint (ECF Doc No. 1) alleges that this Court has personal jurisdiction over each of the Entity Defendants under § 48.193 but fails to identify which subsection of the statute applies or what conduct by any Entity Defendant satisfies the statute's requirements. *See* ECF Doc No. 1 at ¶ 17. Talentscale further alleges that each of the Entity Defendants received or retained funds from Aery Aviation, LLC ("Aery"), a Virginia limited liability company, through "transactions directed, controlled, approved, or benefitted by Beale, a Florida resident." *Id.* However, Talentscale never alleges that any relevant conduct

---

[1] Defendants will address the general jurisdiction analysis along with the Due Process Clause analysis in the following section.

3

occurred in Florida, that any funds were received or retained in Florida, or that any Entity Defendant committed an act enumerated in § 48.193.

For ACP and ACP II, Talentscale alleges that they are subject to personal jurisdiction in this Court because Scott Beale ("Beale"), a Florida resident, owns the foreign entities, and participated in their arrangements with Aery, a Virginia limited liability company. Yet, Talentscale does not allege that the lease arrangements were negotiated or executed in Florida, or concern property located in Florida.

The allegations regarding Fast Bird fare no better. Talentscale only alleges that Beale is an owner and participated in a sale-leaseback with Aery. Again, Talentscale does not allege that the sale-leaseback was negotiated or executed in Florida, concerns property located in Florida, or otherwise falls within any provision of § 48.193.

Similarly, Talentscale alleges that GHE is subject to personal jurisdiction in this Court because Aery, a Virginia entity that is not a party to this suit, acquired aircraft titled to GHE while still remaining the operator of the aircraft. Talentscale does not allege that GHE conducted any business in Florida or engaged in any conduct falling within Florida's long-arm statute.

Finally, Talentscale alleges that Aerodrome is subject to personal jurisdiction in this Court because Beale is a 25% owner, and Aery funded the hangar that Aerodrome owns and pays rent to Aerodrome. The hangar, however, is located in Newport News, Virginia.

None of these allegations comes close to satisfying the Florida long-arm statute. Despite invoking § 48.193, Talentscale never identifies a single enumerated act committed by any Entity Defendant that would subject it to personal jurisdiction in Florida. Instead, Talentscale's theory appears to rest entirely on the fact that Beale, a Florida resident, holds an ownership interest in each of the Entity Defendants. But Talentscale's theory has already been rejected by a different

4

Florida federal court. The U.S. District Court for the Northern District of Florida has expressly held that the simple fact that one of the members of a foreign entity is a citizen and domiciliary of Florida is insufficient to establish personal jurisdiction over the entity in Florida. *Talentscale*, 807 F. Supp 3d at 1360. Talentscale offers no meaningful basis for reaching a different result here, and this Court should likewise reject Talentscale's attempt to manufacturer personal jurisdiction over the Entity Defendants, just as its sister court already has.

**B.    The exercise of personal jurisdiction over the Entity Defendants does not comport with the Due Process Clause.**

A court may acquire personal jurisdiction over a nonresident only if the nonresident has "minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 502 (Fla. 1989) (internal quotations omitted). The Eleventh Circuit utilizes a three-part test for determining whether the minimum contacts requirement has been met: "(1) the contacts must be related to the plaintiff's cause of action; (2) they must involve some act by which the defendant purposefully avails itself of the privilege of conducting activities within the state; and (3) the defendant's contacts with the state must be such that the defendant would reasonably anticipate being haled into court there." *Response Reward Sys., L.C.*, 189 F. Supp. 2d 1332, 1338 (M.D. Fla 2002).

Again, Talentscale alleges in a conclusory manner that "[e]ach entity Defendant could reasonably anticipate being haled into court in Florida on claims arising from those Florida-directed insider transfers." *See* ECF Doc No. 1 at ¶ 17. Yet, the Complaint contains no factual allegations establishing that any of the Entity Defendants have meaningful contacts with Florida apart from the fact that Beale is a partial owner and Florida resident. Talentscale does not allege that any of the Entity Defendants are organized under Florida law, maintain offices in Florida, or

5

own property in Florida.  Nor does the Complaint contain allegations that any of the Entity Defendants purposefully directed their conduct toward Florida.  In fact, as discussed above, the transactions underlying Talentscale's claims involve Virginia entities, Virginia property, and none of them involve conduct in Florida.

These allegations fall woefully short of establishing the minimum contacts required by the Due Process Clause.  The Florida residence of one owner does not constitute purposeful availment by the Entity Defendants themselves, nor does it create a substantial connection between those entities and Florida.  *See Walden v. Fiore*, 571 U.S. 277, 284 (2014) ("[T]he relationship must arise out of contacts that the 'defendant himself' creates with the forum state.").  Because Talentscale has failed to allege facts demonstrating that the Entity Defendants purposefully established minimum contacts with Florida or that its claims arise out of such contacts, the exercise of personal jurisdiction would offend traditional notions of fair play and substantial justice.  Accordingly, the Complaint should be dismissed as to the Entity Defendants.

## IV.    CONCLUSION

For the foregoing reasons, Talentscale has failed to carry its burden of pleading a prima facie basis for this Court to exercise personal jurisdiction over the Entity Defendants.  The Complaint alleges neither facts establishing personal jurisdiction under Florida's long-arm statute nor facts demonstrating that the Entity Defendants have the minimum contacts with Florida required by the Due Process Clause.  Instead, Talentscale relies on a jurisdictional theory that has already been rejected by the U.S. District Court for the Northern District of Florida.  Accordingly, the Entity Defendants respectfully request that this Court grant their Motion to Dismiss the Complaint with prejudice as to Aviation Capital Partners, LLC, Aviation Capital Partners II, LLC,

Fast Bird, LLC, GH Equipment, LLC, and Aerodrome Properties, LLC, and grant such other relief as this Court deems appropriate.

Respectfully Submitted,
AVIATION CAPITAL PARTNERS, LLC
AVIATION CAPITAL PARTNERS II, LLC
FAST BIRD, LLC
GH EQUIPMENT, LLC
AERODROME PROPERTIES, LLC

By: /s/ Rachel L.T. Rodriguez
     Of Counsel


Rachel L.T. Rodriguez
FL Bar No. 110425
Vires Law Group, PLLC
515 N. Flagler Dr., Suite 350
West Palm Beach, FL 33401
Tel: (561) 370-7383
rrodriguez@vireslaw.group

Erin C. McDaniel (VSB No. 94884)
*PRO HAC VICE*
Davis, Burch & Abrams
555 Belaire Ave, Suite 340
Chesapeake, VA 23320
Tel: (757) 410-2293
erin.mcdaniel@davisba.com


## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of July 2026, a true and accurate copy of the foregoing was electronically filed via the Court's CM/ECF system, which will send notification of such filing to the following:

Kenneth E. Chase
CHASE LAW & ASSOCIATES, PA
951 Yamato Road, Suite 280
Boca Raton, FL 33431
Tel: 305-402-9800
kchase@chaselaw.com
*Counsel for Plaintiff*

7

By: /s/ Rachel L.T. Rodriguez

8