UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TALENTSCALE, INC.,

Plaintiff,

v.

SCOTT BEALE, AVIATION CAPITAL PARTNERS, LLC, AVIATION CAPITAL PARTNERS II, LLC, FAST BIRD, LLC, GH EQUIPMENT, LLC, and AERODROME PROPERTIES, LLC,

Defendants.

Case No. 2:26-cv-01973

**DECLARATION OF KENNETH E. CHASE**

I, Kenneth E. Chase, declare under 28 U.S.C. § 1746:

1. I am counsel of record for Plaintiff Talentscale, Inc. in this action. I have personal knowledge of the filings and orders identified below from my representation of Talentscale and review of the relevant federal-court dockets.

2. Attached as Exhibit 1 is a true and correct copy of the October 27, 2025 Order entered in *Talentscale, Inc. v. Aery Aviation, LLC*, Case No. 5:25-mc-00001-TKW-MJF, in the United States District Court for the Northern District of Florida. The order is publicly available on that Court's CM/ECF docket.

3. Attached as Exhibit 2 is a true and correct copy of Cogent Bank's filing in *Talentscale, Inc. v. Aery Aviation, LLC*, Case No. 4:24-cv-33, in the United States District Court for the Eastern District of Virginia, which states that Cogent is "a state-chartered bank established, headquartered, and located only in Florida."

5. Attached as Exhibit 3 is a true and correct copy of Cogent's filing in the N.D. Fla. collection proceeding asserting a common-interest privilege with Aery concerning communications related to Talentscale's garnishment proceedings.

6. Attached as Exhibit 4 is a true and correct copy of Aery's motion and memorandum filed in the EDVA collection proceeding challenging garnishment directed to Cogent. The filing states that Cogent appears to have no contacts with Virginia.

7. Attached as Exhibit 5 is a true and correct copy of the January 30, 2025 order entered in the EDVA proceeding dismissing Talentscale's garnishment action without prejudice.

8. I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 13, 2026 in Boca Raton, Florida.

By: *<u>/s/ Kenneth E. Chase</u>*
Kenneth E. Chase

# EXHIBIT 1

**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF FLORIDA**
**PANAMA CITY DIVISION**

TALENTSCALE, INC.,

Plaintiff/Judgment Creditor,

v. Case No. 5:25-mc-1-TKW/MJF

AERY AVIATION, LLC,

Defendant/Judgment Debtor.
____________________________________/

**ORDER**

In 2024, Talentscale, Inc. obtained a federal judgment against Aery Aviation, LLC in the amount of $1,142,467.20. Aery has yet to satisfy the judgment. In an effort to find Aery's assets, Talentscale moves to compel Aery to complete a Florida Form 1.977—Fact Information Sheet for Corporations or Other Business Entities. Aery argues that this court lacks personal jurisdiction to compel it to complete the form. Because Rule 69(a)(2) permits Talentscale to obtain information from Aery in an attempt to satisfy the judgment, and because Aery forfeited any argument that this court lacks personal jurisdiction, Talentscale's motion will be granted.

## BACKGROUND

Talentscale is a Nevada staffing company that provided "staffing services" to Aery beginning in January 2021. Aery is a Virginia-based aircraft procurement firm that its members formed as a limited liability company. It has four members, including Scott Beale.

Aery breached its contract with Talentscale by failing to pay for the services Talentscale rendered. An arbitrator subsequently determined that Aery owed Talentscale $1,142,467.20 for this breach of the contract. In 2024, Talentscale entered the judgment in the United States District Court for the Eastern District of Virginia. In January 2025, pursuant to 28 U.S.C. § 1963, Talentscale registered the judgment in the United States District Court for the Northern District of Florida.

Aery has yet to satisfy the judgment. Pursuant to Rule 69(a)(2) of the Federal Rules of Civil Procedure, Talentscale is seeking information regarding assets that it might acquire in an effort to enforce the judgment. Talentscale seeks to compel Aery to complete a Florida Form 1.977—Fact Information Sheet for Corporations or Other Business Entities. Among other things, Florida Form 1.977 seeks disclosure of bank accounts and bank account numbers. It also inquires whether the

entity owns any vehicles and, if so, requires disclosure of the make, model, and vehicle identification number. Florida Form 1.977 also requires disclosure of:

1. Copies of state and federal income tax returns for the past 3 years.

2. All bank, savings and loan, and other account books and statements for accounts in institutions in which the entity had any legal or equitable interest for the past 3 years.

3. All canceled checks for the 12 months immediately preceding the service date of this Fact Information Sheet for accounts in which the entity held any legal or equitable interest.

4. All deeds, leases, mortgages, or other written instruments evidencing any interest in or ownership of real property at any time within the 12 months immediately preceding the date this lawsuit was filed.

5. Bills of sale or other written evidence of the gift, sale, purchase, or other transfer of any personal or real property to or from the entity within the 12 months immediately preceding the date this lawsuit was filed.

6. Motor vehicle or vessel documents, including titles and registrations relating to any motor vehicles or vessels owned by the entity alone or with others.

7. Financial statements as to the entity's assets, liabilities, and owner's equity prepared within the 12 months immediately preceding the service date of this Fact Information Sheet.

8. Minutes of all meetings of the entity's members, partners, shareholders, or board of directors held within 2 years of the service date of this Fact Information Sheet.

9. Resolutions of the entity's members, partners, shareholders, or board of directors passed within 2 years of the service date of this Fact Information Sheet.

## Discussion

Aery argues that this court lacks personal jurisdiction to require it to complete Florida Form 1.977 and disclose the information required by the form.

Personal jurisdiction concerns "the court's power to exercise control over the parties." *Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979). Absent personal jurisdiction over the parties, a federal court generally is "powerless to proceed to an adjudication." *Emps. Reinsurance Corp. v. Bryant*, 299 U.S. 374, 382 (1937).

The personal jurisdiction requirement is a fundamental principle of jurisprudence. *Wilson v. Seligman*, 144 U.S. 41, 46 (1892). Depending on the type of case and the law that authorizes a cause of action, the personal jurisdiction requirement is derived from the Due Process Clauses of the Fifth and Fourteenth Amendments. *Fuld v. Palestine*

*Liberation Org.*, 606 U.S. 1, 16 (2025); *Omni Cap. Int'l v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987).

Under the Fourteenth Amendment's Due Process Clause, a court's ability to exercise personal jurisdiction "depends on the defendant's having such 'contacts' with the forum State that 'the maintenance of the suit' is 'reasonable, in the context of our federal system of government,' and 'does not offend traditional notions of fair play and substantial justice.'" *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316–17 (1945)).

Rule 69(a)(2) of the Federal Rules of Civil Procedure authorizes judgment creditors to obtain discovery materials broadly to aid in the satisfaction of the judgment. *Republic of Argentina v. NML Capital, Ltd.*, 573 U.S. 134, 138 (2014); *F.D.I.C. v. LeGrand*, 43 F.3d 163, 172 (5th Cir. 1995). Nevertheless, the personal-jurisdiction requirement extends to motions filed pursuant to Rule 69 where plaintiffs seek to discover information for the purpose of obtaining satisfaction of a judgment. *See generally CSX Transp., Inc. v. Island Rail Terminal, Inc.*, 879 F.3d 462, 470 (2d Cir. 2018); *Familia de Boom v. Arosa Mercantil, S.A.*, 629 F.2d

1134, 1138–39 (5th Cir. 1980). In addition to Constitutional limitations on personal jurisdiction, when a party seeks discovery materials pursuant to Rule 69, a court's exercise of personal jurisdiction must be consistent with the relevant state's long-arm statute. *Estate of Ungar v. Palestinian Auth.*, 400 F. Supp. 2d 541, 547 (S.D.N.Y. 2005), *aff'd*, 332 F. App'x 643 (2d Cir. 2009).

Rule 69 of course does not extend the personal jurisdiction of federal courts beyond that permitted by the Constitution and the relevant state's long-arm statute. Because of this, "normally, discovery requests relating to parties should be made in the original-judgment court pursuant to the Federal Rules of Civil Procedure. The original-judgment court should be utilized because there will not likely be a question whether such court has *in personam* jurisdiction over the judgment debtor to be examined . . . ." *Travelers Indem. Co. of Ill. v. Hash Mgmt., Inc.*, 173 F.R.D. 150, 154 (M.D.N.C. 1997).

Here, Talentscale argues that this court possesses general personal jurisdiction over Aery because Aery is a limited liability company, limited liability companies are citizens of the states of which their members are

citizens, and one of Aery's four members—Scott Beale—is a citizen of Florida.

For purposes of subject-matter jurisdiction, a limited liability company "is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam); *see Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 379 (2016); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990). If the same rule applied to personal jurisdiction, this court permissibly could exercise personal jurisdiction over Aery.

"The concepts of subject-matter and personal jurisdiction, however, serve different purposes, and these different purposes affect the legal character of the two requirements." *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). Among other things, the requirement that federal courts not adjudicate cases unless they enjoy subject-matter jurisdiction operates to limit the judicial power and ensure that "Federal courts do not exercise general legal oversight of the Legislative and Executive Branches, or of private entities." *TransUnion, LLC v. Ramirez*, 594 U.S. 413, 423–24 (2021). Thus, the requirement that

Case 5:25-cv-00301-NRW-MJF Document 142 Filed 08/13/25 Page 8 of 15

a court possess subject-matter jurisdiction before adjudicating a case "protect[s] citizens from . . . the excessive use of judicial power." *U.S. Catholic Conf. v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 77 (1988).

Unlike subject-matter jurisdiction, personal jurisdiction "represents a restriction on judicial power not as a matter of sovereignty, but as a matter of individual liberty." *Ins. Corp. of Ir.*, 456 U.S. at 702. The requirement of personal jurisdiction is designed "to save defendants from inconveniences to which they might be subjected if they could be compelled to answer in any district, or wherever found." *General Inv. Co. v. Lake Shorte & M.S. Ry. Co.*, 260 U.S. 261, 275 (1922).

In light of these differences between personal jurisdiction and subject-matter jurisdiction, it is not surprising that determining the citizenship of limited liability companies for purposes of determining whether there is diversity of citizenship differs from the analysis required for a court to exercise personal jurisdiction. For the purposes of general personal jurisdiction, a limited liability company's citizenship is that of its principal place of business and its state of incorporation. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014); *Avus Designs, Inc. v.*

*Grezxx, LLC*, 644 F. Supp. 3d 963, 978 (D. Wyo. 2022). A limited liability company may be "fairly regarded as at home" where it was incorporated and where it has its principal place of business. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011).

Here, Aery's principal place of business is Norfolk, Virginia. Similarly, Aery was formed in the Commonwealth of Virginia. The fact that one of its members is a citizen and domiciliary of Florida is insufficient for this court to exercise personal jurisdiction in this matter.

But that is not the end of the story. Keep in mind that the location "where judicial authority may be exercised . . . relates to the convenience of litigants and as such *is subject to their disposition*." *Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 168 (1939) (emphasis added). That is, because personal jurisdiction is an individual right—unlike subject-matter jurisdiction—it can be waived and forfeited. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985); *Lipofsky v. N.Y. State Workers Comp. Bd.*, 861 F.2d 1257, 1258 (11th Cir. 1988). Forfeiture is the failure to make a timely assertion of a right; waiver is the intentional abandonment of a right. *United States v. Olano*, 507 U.S. 725, 733 (1993).

A party who waives or forfeits its right to object to a court exercising personal jurisdiction effectively consents "to the court's exercise of adjudicatory authority." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999). "Behavior that is consistent with waiver, and which indicates an intent to litigate the case on the merits, is sufficient to constitute waiver, regardless of whether the parties also express an intent to preserve the defense" of lack of personal jurisdiction. *In re Asbestos Products Liability Litig.*, 921 F.3d 98, 107 (3d Cir. 2019).

The failure to enter a timely objection to a court's lack of personal jurisdiction constitutes a forfeiture. *Ins. Corp. of Ir.*, 456 U.S. at 705; *Palmer v. Braun*, 376 F.3d 1254, 1259 (11th Cir. 2004) (per curiam). An entity forfeits its right to object to a court's lack of personal jurisdiction when it seeks relief from the court without first raising an objection to personal jurisdiction. *Corporacion Mexicana De Mantenimiento Integral, S. De R.L. De C.V. v. Pemex-Exploracion Y Produccion*, 832 F.3d 92, 101 (2d Cir. 2016). Likewise, filing pleadings or substantive responses results in forfeiture or waiver of a lack of personal jurisdiction. *In re Asbestos Products Liability Litig.*, 921 F.3d at 107.

Proceedings to enforce judgments should be swift, cheap, and informal. *Resolution Trust Corp. v. Ruggerio*, 994 F.2d 1221, 1226 (7th Cir. 1993). This is relevant to the waiver/forfeiture analysis. Because there is a strong policy in favor of conserving judicial time and resources—not to mention those of the parties—and a failure to object promptly to a lack of personal jurisdiction can cause prejudicial delay, a party timely should object to lack of personal jurisdiction immediately and before the court expends time and resources addressing a particular case. *Bel-Ray Co. v. Chemrite Ltd.*, 181 F.3d 435, 443 (3d Cir. 1999); *Marcial Ucin, S.A. v. SS Galicia*, 723 F.2d 994, 997 (1st Cir. 1983).

In considering whether a party forfeited its right to object to a district court's exercise of personal jurisdiction, courts also consider whether the party failed to object promptly and the extent of any tardiness. *Neirbo Co.*, 308 U.S. at 168. "Although the passage of time alone is generally not sufficient to indicate forfeiture of a procedural right," the relative time an objection is made in the lifecycle of a case "provides the context in which to assess the significance of the defendant's conduct, both the litigation activity that occurred and the

Case 3:25-mc-00019-TKW-MJF Document 142 Filed 07/27/25 Page 12 of 15

opportunities to litigate the jurisdictional issue that were forgone." *Hamilton v. Atlas Turner, Inc.*, 197 F.3d 58, 61 (2d Cir. 1999).

Here, Talentscale registered the judgment in the Northern District of Florida on January 13, 2025. Aery subsequently appeared in this court and sought affirmative relief without ever asserting a lack of personal jurisdiction:

- On April 22, 2025, one of Aery's attorneys filed a notice of appearance. The notice of appearance did not indicate that Aery's attorney was appearing specially solely to contest personal jurisdiction.
- On April 24, 2025, Aery filed two motions to quash subpoenas that Talentscale had issued to the Cleveland Clinic and Thunderun Aviation Corporation. While voluntarily and intentionally seeking relief from this court, Aery never objected that this court lacked personal jurisdiction.
- On May 2, 2025, Aery filed a motion to quash a subpoena duces tecum that Talentscale had issued to Thirteen Properties, LLC. Yet again, Aery sought relief from this court and never mentioned that this court lacked personal jurisdiction.
- On May 14, 2025, Aery filed a motion to dissolve a writ of garnishment issued to the Cleveland Clinic. Again, Aery never asserted a lack of personal jurisdiction.
- On May 22, 2025, one of Aery's attorneys filed a motion to appear pro hac vice. The attorney did not seek to appear specially and solely for the purposes of contesting personal jurisdiction. Again, Aery's attorney made no mention of a lack of personal jurisdiction.

- On May 23, 2025, Aery appeared telephonically—through two attorneys—at a hearing on the motions to dissolve writs of garnishment. Aery never argued that the court lacked personal jurisdiction.

- On May 27, 2025, Aery, Talentscale, and the Cleveland Clinic filed a joint motion for a qualified protective order. Again, Aery never objected regarding a lack of personal jurisdiction.

- On June 25, 2025, Aery responded to Talentscale's motion to relief from an order dissolving a writ of garnishment. Aery failed to make an argument regarding a lack of personal jurisdiction.

- On August 25, 2025, Aery moved for a protective order that essentially constituted a motion to quash a subpoena duces tecum that Talentscale issued to Nova Homes of Southern Florida. Again, Aery made no mention of any lack of personal jurisdiction.

Despite having more than seven months and multiple opportunities to assert a lack of personal jurisdiction, Aery waited until September 9, 2025—when Aery responded to Talentscale's motion to compel Aery to complete Florida Form 1.977—to argue that this court lacked personal jurisdiction. Aery repeatedly and consistently indicated its intent to litigate this case on the merits. Aery thus has forfeited its right to object that this court lacks personal jurisdiction.

Courts should apply waiver and forfeiture principles consistently so as to ensure certainty and fairness. *United States v. Holness*, 706 F.3d 579, 592 (4th Cir. 2013). Still, in the interest of justice, federal courts

enjoy the discretion to excuse a forfeiture. *United States v. Campbell*, 26 F.4th 860, 875 (11th Cir. 2022) (en banc); *Carter v. Mitchell*, 829 F.3d 455, 472 (6th Cir. 2016). But Aery has not offered a sound justification for doing so in this case.

Furthermore, as noted above, Rule 69(a)(2) permits broad discovery of information essential to obtaining satisfaction of a judgment. Rule 69(a)(2) authorizes judgment creditors to depose witnesses pursuant to Rule 30 and Rule 31, propound interrogatories pursuant to Rule 33, request production of documents and electronically stored information pursuant to Rule 34. *Travelers Indem. Co. of Ill.*, 173 F.R.D. at 154. Thus, Talentscale could obtain—via interrogatories, depositions, and requests for production—all or nearly all of the information required by Florida Form 1.977. Aery, therefore, will not suffer substantial—if any—prejudice from its forfeiture. True, Aery argues that the judges of the Eastern District of Virginia would not require Aery to provide all of the information that Florida Form 1.977 entails, but this is pure speculation on Aery's part, and this court declines to address arguments based solely on speculation.

## CONCLUSION

Aery Aviation, LLC has forfeited any objection that this court lacks personal jurisdiction to require Aery to complete Florida Form 1.977—Fact Information Sheet for Corporations or Other Business Entities. Accordingly, Talentscale, Inc.'s motion to compel is granted. On or before November 17, 2025, Aery shall complete and provide to Talentscale Florida Form 1.977—Fact Information Sheet for Corporations or Other Business Entities.

**SO ORDERED** this 27th day of October 2025.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Newport News Division

| | | |
|---|---|---|
| **TALENTSCALE, INC.**, | ) | |
| | ) | |
| *Petitioner/Judgment Creditor*, | ) | |
| | ) | |
| **v.** | ) | Case No. 4:24-cv-33 |
| | ) | |
| **AERY AVIATION, LLC**, | ) | |
| | ) | |
| *Respondent/Judgment Debtor*, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **COGENT BANK**, | ) | |
| | ) | |
| *Garnishee*. | ) | |

**MEMORANDUM IN SUPPORT OF COGENT BANK'S**
**MOTION TO QUASH GARNISHMENT SUMMONS**

Garnishee, Cogent Bank, by counsel, states as follows as its Memorandum in Support of its Motion to Quash Garnishment Summons.

## INTRODUCTION

Cogent Bank, a state-chartered bank established, headquartered, and located only in Florida was served in Florida with a Garnishment Summons issued by Petitioner/Judgment Creditor, Talentscale, Inc. ("Talentscale"). Talentscale, however, did not domesticate its judgment in Florida before seeking to collect any debt owed by Cogent Bank to Respondent/Judgment Debtor Aery Aviation, LLC ("Aery"). Rather, Talentscale opted to try to garnish funds as part of a Writ of Execution issued in this Court. Talentscale's garnishment is improper both under federal law and Virginia garnishment law. Moreover, the Garnishment Summons is invalid on its face because Suggestion for Summons in Garnishment, the filing that initiates the garnishment, was not signed

by an attorney admitted in this Court. Garnishment statutes require strict compliance. Because Talentscale failed to comply with the law, the Writ of Execution as to Cogent Bank and the Garnishment Summons served on it must be quashed.

**BACKGROUND**

On March 8, 2024, Talentscale filed a Petition and Motion to Confirm Arbitration Award in this Court. [ECF No. 1]. On April 15, 2024, Talentscale filed a Motion for Entry of Default Judgment. [ECF No. 12]. On October 9, 2024, the Court granted Talentscale's Petition, entered judgment against Aery in the amount of $1,142,476.20, and denied as moot Talentscale's Motion for Default Judgment. [ECF No. 16]. On November 27, 2024, Talentscale filed a letter with the Court requesting that it issue a writ of execution and garnishment summonses against Bank of America, N.A., Cogent Bank, Hanmi Bank, and Southwind Capital, LLC. [ECF No. 18].

On December 10, 2024, the Court issued a Writ of Execution and Garnishment Summonses, setting the return date for the Garnishment Summons issued against each garnishee for January 9, 2025. [ECF Nos. 19-23]. However, the Suggestions for Summons in Garnishment, filed by Talentscale were not signed by counsel who is admitted to practice in this Court but rather by counsel for Talentscale who was admitted pro hac *vice*:


November 26, 2024
DATE SUBMITTED
Chase Law & Associates, P.A., by /s/ Kenneth E. Chase
☒ JUDGMENT CREDITOR ☐ AGENT ☒ ATTORNEY

[ECF No. 21, at 3; *see also* ECF Nos. 5-6].

On December 11, 2024, Avery filed a Motion to Quash Garnishment Summons, asking the Court to quash the garnishment summons issued against Cogent Bank. [ECF No. 24]. Cogent Bank was served with the Garnishment Summons on December 11, 2024, in Orlando, Florida. Cogent Bank is a state-chartered bank headquartered in Florida. *See* Ex. A, Profile from Federal

Deposit Insurance Corporation. Cogent Bank has no locations in Virginia. *See id.*; *see also* Cogent Bank, Frequently Asked Questions, *available at* https://cogentbank.com/frequently-asked-questions (listing banking centers of Cogent Bank, which are all located in Florida).

## LEGAL STANDARD

Fed. R. Civ. P. 69 states that a "money judgment is enforced by a writ of execution, unless the court directs otherwise." Fed. R. Civ. P. 69(a)(1). Rule 69 also provides that the "procedure on execution" "must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." *Id.* Thus, Virginia's judgment collection procedures apply. Here, Talentscale is attempting to execute on the judgment pursuant to a garnishment. "'Garnishment, like other lien enforcement remedies authorizing seizure of property, is a creature of statute unknown to the common law, and hence the provisions of the statute must be strictly satisfied.'" *Sherman v. S. Grading Inc.*, 98 Va. Cir. 361, 362 (Chesapeake 2018) (citation omitted).

## ARGUMENT

### I. THE GARNISHMENT SUMMONS SHOULD BE QUASHED BECAUSE THE WRIT CANNOT BE ENFORCED OUTSIDE OF THE COMMONWEALTH.

The Garnishment Summons should be quashed because Talentscale is improperly attempting to execute and enforce its judgment outside of the Commonwealth. The Writ of Execution commands the U.S. Marshal of the Eastern District of Virginia to levy the "goods and chattels, lands and tenements *in your district.*" [ECF No. 19] (emphasis added); *see also* U.S. Marshals Service, Writ of Execution, *available at* https://www.usmarshals.gov/what-we-do/service-of-process/civil-process/writ-of-execution ("The writ is normally limited to execution within the state in which the district court is held unless extended by federal statute, rule, or court

order.”).[1] Cogent Bank is not located in the Eastern District of Virginia or anywhere in the Commonwealth. Moreover, Cogent Bank was served in Florida.

Not only is the attempt to execute against Cogent Bank inconsistent with the Writ of Execution, but it is not supported by Fed. R. Civ. P. 69 and Virginia law. The Court cannot enforce garnishments against any accounts Aery may have with Cogent Bank in Florida. Under Virginia law, the lien of a fieri facias does not extend to property located outside of Virginia. *See* Va. Code Ann. § 8.01-481 (“The lien given by this chapter on personal property by levy shall, as to property capable of being levied on, be restricted to the bailiwick of the officer into whose hands the execution is placed to be executed, but as to property not capable of being levied on the lien shall extend throughout the limits of the Commonwealth.”); *see also Land’or Int’l, Inc. v. Girton*, 109 Va. Cir. 469, 471 (Henrico 2019) (finding that it cannot enforce the garnishment summons served on a Kentucky credit union with no branches or offices outside of Kentucky). These principles are not unique to Virginia. It is the “general rule that, ‘[u]nless authorized by statute, execution may not ordinarily go beyond the territorial jurisdiction of the particular court which rendered the judgment.’” *Cutting Edge Techs., Inc. v. Nosyuiaido*, No. WDQ-01-2855, 2012 U.S. Dist. LEXIS 53691, at *8 (D. Md. Apr. 17, 2012) (citing CJS Executions § 78). Because Talentscale is attempting to garnish funds located outside of the territorial limits established by the Writ of

[1] The Garnishment Summons asks for the disclosure of the “last four digits of the bank account number, if applicable,” but no account was identified on the document. [ECF No. 21]. The omission is important because Va. Code Ann. § 8.01-511(C) provides that “no summons shall be issued” unless the summons “specifies that it is a garnishment against (a) the judgment debtor's wages, salary, or other compensation or (b) some other debt due or property of the judgment debtor.” The statute provides that the “garnishee shall not be liable to the judgment creditor for any property not specified in the summons.” Therefore, the Garnishment Summons is void for this reason as well.

Execution and Virginia law, the Garnishment Summons and the Writ of Execution as to Cogent Bank should be quashed.

## II. THE GARNISHMENT SUMMONS SHOULD BE QUASHED BECAUSE THE COURT LACKS PERSONAL JURISDICTION OVER COGENT BANK.

Cogent Bank joins in the objection to personal jurisdiction asserted by Aery on due process grounds. Cogent Bank is a state-chartered bank headquartered in Florida with locations only in Florida. *See* Exhibit A. Cogent Bank does not have branches or offices in Virginia. Cogent Bank is not registered to do business in Virginia. *See Holland v. Cline*, No. 2:05-cv-00535, 2007 U.S. Dist. LEXIS 115849, at *8-9 (S.D. W. Va. Feb. 26, 2007) (finding that the court had personal jurisdiction over the Delaware incorporated and New Jersey based garnishee where it had registered to do business with the West Virginia Secretary of State and thus 'purposefully availed' itself of the privilege of conducting business in West Virginia."). Unlike the other garnishees before the Court, who apparently all have registered agents in the Commonwealth (at a minimum), there is no basis to pursue Cogent Bank on a garnishment issued out of *this* Court.[2] *See also Mem'l Hosp. of Martinsville v. D'Oro*, No. 4:10MC00001, 2011 U.S. Dist. LEXIS 73278, at *14 (W.D.

[2]Also, while Talentscale did not have the Writ of Execution served, execution is conducted by the U.S. Marshal unless otherwise ordered by the Court. *See* U.S. Marshals Service, Writ of Execution, *available at* https://www.usmarshals.gov/what-we-do/service-of-process/civil-process/writ-of-execution ("The writ is served by the U.S. Marshal or other person, presumably a law enforcement officer, specially appointed by the court pursuant to Federal Rule of Civil Procedure 4.1(a)."); *see also* Garnishment Summons ("TO THE MARSHAL OF THE EASTERN DISTRICT OF VIRGINIA OR AN AUTHORIZED OFFICER: You are hereby commanded to serve this summons on the judgment debtor and the garnishee."). No order was entered permitting a private process server to step into the shoes of the U.S. Marshals Service. The Court cannot take personal jurisdiction over a garnishee if the execution papers were not properly served. *Cf. United States ex rel. Bunk v. Gosselin Worldwide Moving N.V.*, Civil Action No. 1:02-cv-1168 (AJT/MSN), 2017 U.S. Dist. LEXIS 211269, at *17 (E.D. Va. Aug. 22, 2017) ("As process, service of the writ constitutes the mechanism through which the Court obtains personal jurisdiction over the garnishee in order to impose the 'significant burdens of complying with the garnishment.'") (citation omitted).

Va. July 8, 2011) ("[T]his Court cannot effectively issue writs to the Marshal's Service outside of Virginia. The proper procedure for the parties in this case to follow is set forth at 28 U.S.C. §1963, which is roughly the federal equivalent of the Uniform Enforcement of Foreign Judgments Act."). Due process does not support permitting Talentscale to skip a step of domesticating a judgment in Florida before pursuing in that state a garnishment or other collection against Cogent Bank. Therefore, the Garnishment Summons should be quashed.

## III. THE GARNISHMENT SUMMONS SHOULD BE QUASHED BECAUSE IT IS INVALID ON ITS FACE.

The garnishment proceedings against Cogent Bank should be dismissed because the Suggestion for Summons in Garnishment filed by Talentscale was not signed by counsel who is admitted to practice in this Court but rather by counsel for Talentscale who was admitted pro hac *vice*. Local Civil Rule 83.1(F) provides that "no pleading or other filing required to be signed by an attorney shall be filed unless also signed by an attorney who is admitted or authorized to practice in this Court under subsections (C) or (D)(1) . . ." *See also Globus Med., Inc. v. Jamison*, No. 2:22-cv-282, 2024 U.S. Dist. LEXIS 142984, at *5-6 (E.D. Va. May 24, 2024) (noting the Local Rule's requirement that "[l]ocal counsel are required to sign all pleadings and motions") (Walker, J.). Similarly, Local Rule 83.1(G) provides that "[p]leadings or other filings submitted by attorneys admitted pro hac vice or authorized to practice under subsections (D)(2) or (E), must also be signed by an attorney admitted or authorized to practice before the Court under subsections (C) or (D)(1)." Because the Suggestion for Summons in Garnishment was not properly executed, no Garnishment Summons should have issued. Therefore, the Garnishment Summons should be quashed.[3]

[3] Cogent Bank submits that if the Court finds that the Garnishment Summons should not have issued, an oral hearing or response from Talentscale is unnecessary. *See* Local Civ. R. 7(J).

**CONCLUSION**

For the foregoing reasons, Garnishee, Cogent Bank, respectfully requests that the Court grant its Motion to Quash Garnishment Summons, quash the Writ of Execution as to Cogent Bank, quash the Garnishment Summons issued to Cogent Bank, award Cogent Bank its costs and fees, and grant all other just and equitable relief.

Respectfully submitted,

/s/ S. Mohsin Reza

S. Mohsin Reza (Va. Bar No. 75347)
GREENBERG TRAURIG, LLP
1750 Tysons Boulevard, Suite 1000
McLean, Virginia 22102
Tel: (703) 749-1300
Fax: (703) 749-1301
mohsin.reza@gtlaw.com

*Counsel for Cogent Bank*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 13th day of December, 2024, I caused the foregoing to be filed with the Clerk of Court using CM/ECF, which will send a notice of electronic filing to all counsel of record that are registered users.

/s/ S. Mohsin Reza
S. Mohsin Reza (Va. Bar No. 75347)
GREENBERG TRAURIG, LLP
1750 Tysons Boulevard, Suite 1000
McLean, Virginia 22102
Tel: (703) 749-1300
Fax: (703) 749-1301
mohsin.reza@gtlaw.com

*Counsel for Cogent Bank*

# EXHIBIT A

Case 2:24-cv-01073-SRC-NDEW Document 127-11 Filed 02/13/24 Page 30 of 49 PageID
259

BankFind Suite Home

Back to Search Results

# Cogent Bank

## Institution Details

Data as of 12/13/2024

**FDIC Insured**
Since 09/10/1999

**FDIC Cert #**
34908

**Established**
09/10/1999

**Bank Charter Class**
State Chartered Banks, not member of the Federal Reserve System (FRS)

**Primary Federal Regulator**
Federal Deposit Insurance Corporation

**Main Office Address**
420 S Orange Ave
Orlando, FL 32801

**Primary Website**
www.cogentbank.net

**Locations**
9 domestic locations: 1 state and 0 territories.
0 in foreign locations.

**Financial Information**
Create financial reports for this institution

**Consumer Assistance**
Complaints & Questions with Personal Information

**Contact the FDIC**
Questions about Bank Information

Get additional detailed information by selecting from the following:

Locations | History | Institution Profile | Other Names

### 9 Branch Offices

Hide

Results 100

1

Page # Go

| UNINUM | Branch Number | Name | Address | City | County | State | Service Type | Established | Acquired |
|---|---|---|---|---|---|---|---|---|---|
| 61971 | Main Office | Cogent Bank | 420 S Orange Ave Orlando, FL 32801 | Orlando | Orange | FL | Full Service - Brick And Mortar | 09/10/1999 | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 619133 | 3 | Jacksonville Branch | 5011 Gate Pkwy Bldg 100<br>Jacksonville, FL 32256 | Jacksonville | Duval | FL | Full Service - Brick And Mortar | 11/25/2019 |
| 619557 | 4 | Tampa Branch | 1715 N West Shore Blvd<br>Ste 150<br>Tampa, FL 33607 | Tampa | Hillsborough | FL | Full Service - Brick And Mortar | 01/08/2020 |
| 625038 | 5 | Clearwater Branch | 28059 Us Highway 19 N<br>Clearwater, FL 33761 | Clearwater | Pinellas | FL | Full Service - Brick And Mortar | 06/15/2020 |
| 627029 | 6 | Ft. Myers Branch | 14421 Metropolis Ave<br>Ste 102<br>Fort Myers, FL 33912 | Fort Myers | Lee | FL | Full Service - Brick And Mortar | 08/28/2020 |
| 627547 | 7 | Orange City Branch | 1113 Saxon Blvd<br>Orange City, FL 32763 | Orange City | Volusia | FL | Full Service - Brick And Mortar | 10/09/2020 |
| 638301 | 8 | Naples Branch | 999 Vanderbilt Beach Rd<br>Ste 100<br>Naples, FL 34108 | Naples | Collier | FL | Full Service - Brick And Mortar | 08/31/2021 |
| 638703 | 9 | Winter Park Branch | 655 W Morse Blvd<br>Ste 111<br>Winter Park, FL 32789 | Winter Park | Orange | FL | Full Service - Brick And Mortar | 10/01/2021 |
| 665608 | 10 | Ocala Branch | 4 Se Broadway Street<br>Ocala, FL 34471 | Ocala | Marion | FL | Full Service - Brick And Mortar | 06/24/2024 |

# EXHIBIT 3

Case 5:24-mc-00001-TKW-MJF Document 182 Filed 01/16/26 Page 1 of 17

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**(Panama City Division)**

Talentscale, Inc.,

Plaintiff,

v. Case No.: 5:24-mc-00001-TKW

Aery Aviation, LLC,

Defendant,

_________________________________/

## COGENT BANK'S BRIEF IN SUPPORT OF ITS PRIVILEGE DESIGNATIONS

Non-party, Cogent Bank ("Cogent"), pursuant to the Court's Order Regarding Talentscale's Amended Motion to Compel Compliance With a Subpoena For Documents Issued by Talentscale to Cogent Bank dated December 19, 2025 (DE 159) ("Order"), hereby files the following brief in support of its privilege designations contained in the Combined Privilege Log, which is filed simultaneously herewith. In support thereof, Cogent states as follows:

## BACKGROUND AND INTRODUCTION

1. As this Court has found, Cogent has a senior security interest in all of the accounts receivable of Defendant, Aery Aviation LLC ("Aery"), pursuant to the

Loan Documents[1] entered into between Cogent and Aery. *See* DE 84 (finding that money identified in the answer and amended answer to a writ of garnishment issued to Cleveland Clinic Foundation was subject to Cogent's prior secured interest); DE 92 at p. 32-33 (" . . . the account receivable that we're talking about owed by Cleveland Clinic is spoken for and has been spoken for by Cogent Bank through all of its perfected interest, and so that money is not available to be garnished.").

2. Cogent and Aery each have an interest in protecting Cogent's senior security interest and ensuring that Cogent's loan is repaid pursuant to the Loan Documents. *See e.g.*, Amended and Restated Security Agreement [D.E. 153-1 at pp. 94-107] § 3 ("Grantor further agrees to promptly take such additional actions…to perfect, continue the perfection of, maintain the priority of, and otherwise protect and preserve Secured Party's security interest in, the Collateral"); Second Amended and Restated Security Agreement [D.E. 153-1 at pp. 155- 168] § 3 (same); Business Loan Agreement [D.E. 153-1 at pp. 12-50] at § 5.14 ("The Loan Parties…shall…take all further action…in order to grant, preserve, protect and perfect the validity and first priority of the security interests created or intended to be created by the Security Agreements."); Amended and Restated Business Loan Agreement [D.E. 153-1 at pp. 111-147] § 5.14 (same).

---

[1] Unless otherwise defined, all capitalized terms used herein shall have the meaning ascribed to them in Cogent Bank's Response in Opposition to Plaintiff's Amended Motion to Compel Compliance with Subpoena (DE 153).

3. In early December 2024, Cogent was made aware of Aery's dispute with Talentscale—which threatened Cogent's security interest in the Collateral—and Cogent retained counsel to assist. Further, on December 10, 2024, Talentscale served Cogent with a Garnishment Summons issued by the United States District Court for the Eastern District of Virginia relating to a judgment that Talentscale obtained against Aery.

4. Cogent, Aery, and their respective counsel agree that there is a common interest between Cogent, as lender, and Aery, as debtor, to protect Cogent's senior security interest.

5. Cogent and Aery have exchanged attorney-client and work product privileged information in pursuit of their unified interest, and such communications are identified on the Combined Privilege Log filed simultaneously herewith. As set forth below, the communications identified on the Combined Privilege Log are protected from disclosure by the common interest privilege.

**ARGUMENT**

Florida recognizes the "'common interests,' 'joint defense,' or 'pooled information'" privilege which "enables litigants who share unified interests to exchange [ ] privileged information to adequately prepare their cases without losing the protection afforded by the privilege." *Visual Scene, Inc. v. Pilkington Bros., plc.*, 508 So. 2d 437, 440 (Fla. 3d DCA 1987). Under this common interest privilege,

"clients and their respective attorneys sharing common litigation interests may exchange information freely among themselves without fear that by their exchange they will forfeit the protection of the privilege." *Id*. *See also Barnett Banks Tr. Co. v. Compson*, 629 So. 2d 849, 851 (Fla. 2d DCA 1993) ("The 'common interest' or 'joint defense' exception applies among the entities sharing common interests and their attorneys."); *In re Emps. Int'l, Inc.*, No. 6:07-BK-04481-KSJ, 2008 WL 11519583, at *2 n.1 (Bankr. M.D. Fla. July 30, 2008) ("Confidential communications made during joint defense strategy sessions are privileged."); *Westchester Surplus Lines Ins. Co. v. Portofino Masters Homeowners Assoc., Inc.*, 347 F.R.D. 228, 235 (N.D. Fla. 2024) ("The joint defense or common interest privilege 'protects communications between individuals and entities and counsel for another person or company when the communications are 'part of an on-going and joint effort to set up a common defense strategy.''"); *Sistrunk v. Toro*, No. 3:23CV24673-TKW-HTC, 2024 WL 4810382, at *3 (N.D. Fla. Nov. 6, 2024).

Since December 2024, Cogent and Aery—through and at the direction of their respective counsel—have had communications relating to (a) the underlying arbitration proceeding between Talentscale and Aery, and (b) Talentscale's garnishment proceedings. These communications are identified on Cogent's Combined Privilege Log.

All communications listed on the Combined Privilege Log were either (a)

made at the direction of counsel, or (b) summarized and/or transmitted advice or instructions of counsel in order to facilitate the protection of Cogent's security interest. Such communications related specifically to the pending legal proceedings. Moreover, the communications were exchanged in confidence between Aery, Cogent, and their respective counsel, and all parties were aware that the communications were confidential. Indeed, out of the 42 communications listed on the Combined Privilege Log, only five communications pre-date the filing of this action. As for those five communications occurring in December 2024, it is apparent from their subject line that they relate to the underlying legal proceedings and Aery and Cogent's common interest.

Thus, because the communications listed on Cogent's Combined Privilege Log all stem from an agreement between Cogent and Aery—recognized by both Cogent and Aery—to protect Cogent's perfected security interest, and such communications were exchanged in confidence (and Cogent, Aery, and their respective counsel understood that such communications were exchanged in confidence), the communications are protected by the joint defense/common interest privilege.

Should the Court wish to review any of the communications listed on Cogent's Combined Privilege Log, Cogent will promptly submit the communications for an in-camera review.

WHEREFORE, for the reasons set forth herein, Cogent requests the Court enter an Order protecting from disclosure the privileged documents identified on the Combined Privilege Log, and granting such other relief as may be just and necessary under the circumstances.

DATED this 9th day of January, 2026.

**Local Rule 7.1(F) Certification**

I hereby certify that the foregoing **Cogent Bank's Brief In Support of Its Privilege Designations** contains 1026 words exclusive of the case style, signature block, and certificate of service.

**GREENBERG TRAURIG, P.A.**
450 South Orange Avenue, Suite 650
Orlando, Florida 32801
Telephone: (407) 420-1000
Facsimile: (407) 420-5909
By: */s/ Courtney M. Keller*
Courtney M. Keller, Esquire
Florida Bar No. 028668
Savannah Young, Esquire
Florida Bar No. 1031408
Email: kellerc@gtlaw.com
youngsa@gtlaw.com
nef-iws@gtlaw.com
FLService@gtlaw.com
*Counsel for Cogent Bank*

Case 6:25-cv-01903-SPC-NPM Document 18 Filed 01/09/26 Page 7 of 7 PageID

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that on this 9th day of January, 2026, a true and correct copy of the foregoing **Cogent Bank's Brief In Support of Its Privilege Designations** was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

**GREENBERG TRAURIG, P.A.**
450 South Orange Avenue, Suite 650
Orlando, Florida 32801
Telephone: (407) 420-1000
Facsimile: (407) 420-5909

By: */s/ Courtney M. Keller*
Courtney M. Keller, Esquire
Florida Bar No. 028668
Savannah Young, Esquire
Florida Bar No. 1031408
Email: kellerc@gtlaw.com
youngsa@gtlaw.com
nef-iws@gtlaw.com
FLService@gtlaw.com
*Counsel for Cogent Bank*

# EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Newport News Division

| | | |
|---|---|---|
| TALENTSCALE, INC. | ) | |
| | ) | |
| Judgment Creditor, | ) | |
| | ) | Case No. 4:24-cv-33 |
| v. | ) | |
| | ) | |
| AERY AVIATION, LLC | ) | |
| | ) | |
| Judgment Debtor | ) | |
| | ) | |

**MOTION TO QUASH GARNISHMENT SUMMONS**

COMES NOW the Judgment Debtor, Aery Aviation, LLC ("Aery"), by counsel, and pursuant to Federal Rule of Civil Procedure 69 and Virginia Code § 8.01-511 *et seq.* moves this Court to grant its Motion to Quash the Garnishment Summons of Cogent Bank filed by Judgment Creditor, Talentscale, Inc. ("Talentscale"). Aery provides its basis for the Motion and legal support in its Memorandum in Support filed contemporaneously with this Motion.

WHEREFORE, Aery respectfully requests that this Court grant Aery's Motion to Quash the Garnishment Summons of Cogent Bank.

**Respectfully submitted,**
**Aery Aviation, LLC**

**By** /s/ *Erin C. McDaniel*
Of Counsel

Chris D. Davis (VSB No. 74809)
Erin C. McDaniel (VSB No. 94884)
Davis, Burch & Abrams
555 Belaire Ave, Suite 340
Chesapeake, VA 23320
Tel: (757) 410-2293

chris.davis@davisba.com
erin.mcdaniel@davisba.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of December 2024, a true and accurate copy of the foregoing was electronically filed via the Court's CM/ECF system, which will send notification of such filing to the following:

Amy Epstein Gluck
Pierson Ferdinand LLP
1101 Pennsylvania Ave, NW
Ste 300
Washington, D.C. 20005
amy.epsteingluck@pierferd.com

Kenneth Chase
Chase Law & Associates, P.A.
1141 71st Street
Miami, FL 33141
kchase@chaselaw.com

_/s/ *Erin C. McDaniel*______

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Newport News Division

| | | |
|---|---|---|
| TALENTSCALE, INC. | ) | |
| | ) | |
| Judgment Creditor, | ) | |
| | ) | Case No. 4:24-cv-33 |
| v. | ) | |
| | ) | |
| AERY AVIATION, LLC | ) | |
| | ) | |
| Judgment Debtor | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF AERY'S MOTION TO QUASH GARNISHMENT SUMMONS**

COMES NOW the Judgment Debtor, Aery Aviation, LLC ("Aery"), by counsel, and for its Memorandum in Support of Aery's Motion to Quash the Garnishment Summons of Cogent Bank ("Cogent") filed by Judgment Creditor, Talentscale, Inc. ("Talentscale") states as follows:

**INTRODUCTION**

On or about November 27, 2024, Talentscale filed a letter with this Court requesting a Writ of Execution against Aery, and accompanied by Suggestions for Summons in Garnishment, and Garnishment Summonses against Bank of America, Cogent, Hanmi Bank, and Southwind Capital, LLC. (ECF No. 18). Although, Talentscale provides Virginia service addresses for Bank of America, Hanmi Bank, and Southwind Capital, Talentscale only provides a Florida address for Cogent. Pursuant to Federal Rule of Civil Procedure 69 and Virginia Code § 8.01-511 *et seq.* this Court must have personal jurisdiction over a garnishee to enforce a garnishment summons. Talentscale has failed to provide any basis on which this Court could conclude it has personal jurisdiction over Cogent and, therefore, this Court should grant Aery's Motion to Quash the Garnishment Summons against Cogent.

## LEGAL STANDARD

Federal Rule of Civil Procedure 69 states in relevant part that the procedure on the execution of a money judgment and in proceedings supplementary to and in aid of the execution, must be in accordance with the laws of the state in which the court is located. Accordingly, Virginia law on garnishments applies here. This is further confirmed by this Court's citation to Va. Code § 8.01-511 *et seq.* as the controlling statute in its forms for Suggestion for Summons in Garnishment.[1]

"Garnishment is a proceeding which exists only by virtue of a statutory enactment." *Lynch v. Johnson*, 196 Va. 516, 520 (1954). Further, "[i]n Virginia, garnishment is regarded, not as a process of execution to enforce a judgment, but as an independent suit by the judgment-debtor in the name of the judgment-creditor against the garnishee." *Butler v. Butler*, 219 Va. 164, 165 (1978). Moreover, the Virginia garnishment statute plainly contemplates only an *in personam* action against the garnishee. *Id*. at 166. Finally, in Virginia courts the proper procedural mechanism for the judgment debtor to challenge the validity of a garnishment summons is a Motion to Quash. *See Butler*, 219 Va. at 165.

## ARGUMENT

Given that Virginia views a garnishment summons as an *in personam* action against the garnishee, this Court must have personal jurisdiction over the garnishee to enforce a garnishment summons. However, Talentscale has provided this Court with no basis on which it could conclude it has personal jurisdiction over Cogent. As a result, this Court does not have jurisdiction to enforce the Garnishment Summons against Cogent.

---

[1] The U.S. Marshals Service also cites to FRCP 69 and states that the U.S. Marshals Service will enforce a Writ of Garnishment in accordance with the applicable state law of the state in which the district court is located. https://www.usmarshals.gov/what-we-do/service-of-process/civil-process/writ-of-garnishment

Whether the Court has personal jurisdiction over Cogent requires a determination that Cogent falls both within Virginia's long-arm statute, Va. Code § 8.01-328.1, and that the exercise of personal jurisdiction will not violate the Due Process Clause of the Fourteenth Amendment. *Reynolds Metals Co. v. FMALI, Inc.*, 862 F. Supp. 1496, 1498 (4th Cir. 1994). However, "[b]ecause Virginia's long-arm statute extends personal jurisdiction to the extent permitted by the Due Process Clause, 'the statutory inquiry necessarily merges with the constitutional inquiry and the two inquiries essentially become one.'" *Young v. New Haven Advocate*, 315 F. 3d 256, 261 (4th Cir. 2002). The only question then, is whether Cogent has sufficient "minimum contacts with the [Commonwealth of Virginia] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id.*

However, it appears that Cogent has no contacts with Virginia at all. First, both the Suggestion for Summons in Garnishment (the "Suggestion") and the Garnishment Summons (the "Summons") filed by Talentscale list the address for Cogent Bank as 420 S. Orange Avenue, Suite 150, Orlando, FL 32801. (*See* ECF No. 18-5 & -6). There is no Virginia address for Cogent listed anywhere in Talentscale's filing. Further, Cogent's website only lists locations in Florida. *See* https://cogentbank.com/contact-us/

Second, not only does Cogent not have any offices or locations in Virginia, Talentscale has not established that Cogent has any other contacts with Virginia. On the contrary, Cogent is not even registered with the Virginia State Corporation Commission as an entity authorized to conduct business in the Commonwealth.

In sum, Talentscale has failed to establish that Cogent Bank has sufficient minimum contacts with Virginia such that it would be appropriate for this Court to exercise personal

jurisdiction over the bank. Without having personal jurisdiction over Cogent, this Court cannot enforce a garnishment summons against the bank.

Finally, even if this Court had personal jurisdiction over Cogent, and Aery maintains that it does not, the Suggestion and Summons are invalid pursuant to Local Rule 83.1. Local Rule 83.1(E)(3) states that although an attorney admitted to practice in the U.S. District Court of another state may be admitted *pro hac vice* to practice in this District,

> no pleading or other filing required to be signed by an attorney shall be filed unless also signed by an attorney who is admitted or authorized to practice in this Court. . . with the office address where notice can be served upon said attorney, and who shall have such authority that the Court can deal with the attorney alone in all matters connected with the case.

The only signature, name, and office address listed on the Suggestion and Summons belong to Kenneth Chase. Mr. Chase is admitted to practice in Florida with an office address listed as 951 Yamato Road, Suite 280, Boca Raton, Florida, and is not a member of the Virginia State Bar admitted to practice before this Court. Talentscale's failure to include the signature and office address of local counsel on the Suggestions and Summons of Cogent, render them invalid under the Local Rule.

Because this Court does not have personal jurisdiction over Cogent and the Suggestion and Summons are invalid under Local Rule 83.1, this Court should grant Aery's Motion to Quash the Garnishment Summons of Cogent Bank.

**Respectfully submitted,**
**Aery Aviation, LLC**

**By**_/s/ *Erin C. McDaniel*______
Of Counsel

Chris D. Davis (VSB No. 74809)

Erin C. McDaniel (VSB No. 94884)
Davis, Burch & Abrams
555 Belaire Ave, Suite 340
Chesapeake, VA 23320
Tel: (757) 410-2293
chris.davis@davisba.com
erin.mcdaniel@davisba.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of December 2024, a true and accurate copy of the foregoing was electronically filed via the Court's CM/ECF system, which will send notification of such filing to the following:

Amy Epstein Gluck
Pierson Ferdinand LLP
1101 Pennsylvania Ave, NW
Ste 300
Washington, D.C. 20005
amy.epsteingluck@pierferd.com

Kenneth Chase
Chase Law & Associates, P.A.
1141 71st Street
Miami, FL 33141
kchase@chaselaw.com

_/s/ *Erin C. McDaniel*______

# EXHIBIT 5

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NEWPORT NEWS DIVISION**

TALENTSCALE, INC.
1350 E. Flamingo Road, Suite 734
Las Vegas, NV 89119

Plaintiff,

v.

AERY AVIATION, LLC
1009 Providence Boulevard
Newport News, VA 23602

Defendant.

Case No. 4:24-cv-00033-JKW-DEM

## ORDER

This matter came before the Court on Judgment Creditor Talentscale, Inc.'s Consent Motion to Dismiss Garnishment Action Against Garnishees.

Upon consideration, it is hereby ORDERED that the Motion is GRANTED as follows:

1. Judgment Creditor Talentscale, Inc.'s garnishment action against Garnishees Cogent Bank, Bank of America, Hanmi Bank, and Southwind Capital, LLC is hereby dismissed without prejudice.

2. The hearing set for February 3, 2025 at 10:00 AM is hereby cancelled.

**IT IS SO ORDERED.**

/s/
Douglas E. Miller
United States Magistrate Judge

Dated: January 30, 2025

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE