**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

TALENTSCALE, INC.,

Plaintiffs,

v. Case No. 2:26-CV-01973-SPC-NPM

SCOTT BEALE,
AVIATION CAPITAL PARTNERS, LLC,
AVIATION CAPITAL PARTNERS II, LLC,
FAST BIRD, LLC,
GH EQUIPMENT, LLC, and
AERODROME PROPERTIES, LLC,

Defendants.

---

# Uniform Case Management Report

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

## 1. Date and Attendees

| The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1). |
|---|

The parties conducted the planning conference on 8/27/2026. Kenneth Chase for Plaintiff Talentscale, Inc. and Rachel Rodriguez for Defendants attended the conference.

## 2. Deadlines and Dates

The parties request these deadlines and dates:

| **Action or Event** | **Date** | |
|---|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 9/11/2026 | |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 10/26/2026 | |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B). | Plaintiff[*] | Defendants |
| Plaintiff | 11/6/2026 | 5/27/2027 |
| Defendant | 12/4/2026 | 6/28/2027 |
| Rebuttal | 1/8/2027 | 7/27/2027 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 2/5/2027 | 8/27/2027 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | Not Applicable | |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 3/1/2027 | 9/28/2027 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4.<br>Hon. Michael A. Hanzman (Ret.), Bilzin Sumberg, 1450 Brickell Avenue, 23rd Floor, Miami, FL 33131, (305) 350-2424. Not certified in the Middle District. | 2/19/2027 | 9/17/2027 |

[*] An expeditious pretrial schedule is important to Plaintiff because none of the $1.2 million judgment, entered on October 9, 2024, has been paid and Plaintiff has already obtained a substantial amount of the evidence needed for trial through judgment enforcement subpoenas and depositions over the past two years. Plaintiff was not persuaded by the arguments by Defendants regarding the need for another six or seven months. Plaintiff would be amenable to an even more expedited schedule.

** Defendants' position on trial date is based on Judge Chappell's preferences on case scheduling parameters and based on the undisputed position that this case is at least moderately complex.

| | | |
|---|---|---|
| Judge Hanzman served 12 years as a circuit court judge in Miami-Dade county, including in the complex commercial division, he practiced commercial litigation before taking the bench, and he now handles ADR full time. | | |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 7/2/2027 | 1/28/2028 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 7/14/2027 | 2/9/2028 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 7/30/2027 | 2/25/2028 |
| Month and year of the trial term. | August 2027 | March 2028 |

The trial will last approximately: Per Plaintiff, two days. Per Defendants, four to five days.

☐ jury.

☒ non-jury.

**3. Description of the Action**

**Plaintiff's Description:** Plaintiff Talentscale, Inc. holds a $1,142,467 federal judgment against non-party Aery Aviation, LLC entered on October 9, 2024 by the United States District Court for the Eastern District of Virginia. Plaintiff alleges that, while the underlying debt and later the judgment remained unpaid, Aery transferred $9,867,423 through 51 transactions to Defendant Scott Beale, Aery's controlling member, and to five entities Beale owns or controls. Plaintiff asserts 17 counts under the Florida Uniform Fraudulent Transfer Act, Fla. Stat. §§ 726.105 and 726.106, and under Fla. Stat. § 222.30, and seeks money judgments, avoidance of the transfers, equitable liens and constructive trusts on Florida real property and aircraft acquired with Aery funds, injunctive relief, an accounting, and appointment of a receiver. Defendants Aviation Capital Partners, LLC, Aviation Capital Partners II, LLC, Fast Bird, LLC, GH Equipment, LLC, and Aerodrome Properties, LLC (the "Entity Defendants") have moved to dismiss under Rule 12(b)(2) for lack of personal jurisdiction (Doc. 17), and Plaintiff has opposed that

motion. The action is moderately complex. It involves six Defendants, a transaction history spanning 2021 through 2025, tracing of funds through multiple bank and payment accounts, and a record developed in post-judgment proceedings in the Eastern District of Virginia and the Northern District of Florida.

**Defendants' Description:** Plaintiff Talentscale, Inc. alleges that it holds an unsatisfied federal judgment against nonparty Aery Aviation, LLC and that, while the underlying debt and judgment remained unpaid, Aery made 51 transfers totaling approximately $9.9 million to Defendant Scott Beale and five entities Beale allegedly owns or controls. Talentscale asserts fraudulent-transfer and fraudulent-asset-conversion claims and seeks monetary and equitable relief. Beale denies that the challenged transfers were fraudulent and asserts, among other defenses, good faith, reasonably equivalent value, creditor priority, timeliness, required parties, and unclean hands. The Entity Defendants have moved to dismiss for lack of personal jurisdiction, which Talentscale opposes. The principal disputed issues include Aery's intent and financial condition, the purpose and value of the challenged transfers, traceability, Defendants' asserted defenses, personal jurisdiction, and the availability and scope of the requested remedies.

## 4. Disclosure Statement

☒ Each party has filed a disclosure statement using the required form.

## 5. Related Action

☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

## 6. Consent to a Magistrate Judge

> "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
>
> The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party

for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

**7. Preliminary Pretrial Conference**

☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

**8. Discovery Practice**

The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

**9. Discovery Plan**

The parties submit the following discovery plan under Rule 26(f)(2):

A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

☒ Yes.
☐ No; instead, the parties agree to these changes: enter changes.

B. Discovery may be needed on these subjects:

**Plaintiff's assessment of discovery includes:** the 51 transfers identified in Chart 1 of the Complaint and the consideration, if any, Aery received for each, the ownership, control, governance, and finances of Aery and of each

entity Defendant, the aircraft leases, sale-leaseback, aircraft acquisitions, hangar financing, and rent arrangements between Aery and the entity Defendants, Aery's financial condition, solvency, and payment of debts as they became due from 2021 through 2025, Aery's credit facilities with Cogent Bank and Capital Bank, the use and tracing of transferred funds, including the acquisition and improvement of 127 Gulfport Court, Marco Island, Florida and 8334 Rimini Way, Naples, Florida, Beale's personal financial statements and distributions, the entity Defendants' contacts with Florida, and any other defenses that Defendants assert. Defendants state that discovery may be needed for the parties' claims and defenses, the alleged transfers and underlying transactions, Aery's financial condition, the relationships among the relevant persons and entities, personal jurisdiction, damages, and the nature and availability of the requested relief.

**Defendants' assessment of discovery includes:** The parties' claims and defenses, the alleged transfers and underlying transactions, Aery's financial condition, the relationships among the relevant persons and entities, personal jurisdiction, damages, and the nature and availability of the requested relief. Defendants also anticipate discovery concerning Talentscale's right to enforce the underlying judgment, its calculation of the amount allegedly due, its tracing analysis, its knowledge of and investigation into the challenged transfers, and the factual basis for its claims and jurisdictional allegations. Identification of these general categories does not establish that any particular discovery request is relevant, proportional, or otherwise discoverable, and the parties reserve all request-specific objections.

C. Discovery should be conducted in phases:

☒ No.
☐ Yes; describe the suggested phases.

D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

☐ No.
☒ Yes; Discovery will involve electronically stored information, including email, accounting-system data (Bill.com and general-ledger records), bank, wire, and loan records, aircraft title and lease records, and real property closing records. Plaintiff requested that the parties agree to preserve relevant ESI, to produce ESI as text-searchable PDF with

metadata or in native format where reasonably available, to exchange proposed custodians and search terms before serving ESI requests, and to confer in good faith on any dispute before seeking relief from the Court. Defendants state that they also anticipate seeking entry of a stipulated protective order.

E. ☒ The parties state the following views and proposals on any issues about claims of privilege or of protection as trial-preparation materials, including the timing and method for complying with Rule 26(b)(5)(A), Federal Rules of Civil Procedure, and—if the parties agree on a procedure to assert these claims after production—whether to ask the Court to include any agreement in an order under Rule 502(d), Federal Rules of Evidence:

The parties will comply with Rule 26(b)(5)(A) and the Handbook on Civil Discovery Practice in the Middle District of Florida. The parties do not propose any deviation or additional procedure for asserting claims of privilege or protection after production and do not ask the Court to enter an order under Rule 502(d), Federal Rules of Evidence.

F. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☒ No.
☐ Yes; describe the stipulation.

**10. Request for Special Handling**

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

**11. Certification of familiarity with the Local Rules**

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

**12. Signatures**

*/s/ Kenneth Chase*________
Kenneth Chase

Counsel for Plaintiff
8/31/2026

*/s/ Rachel Rodriguez*____________
Rachel Rodriguez

Counsel for Defendants
8/31/2026