UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TALENTSCALE, INC.,

Plaintiff,

v. Case No.: 2:26-cv-01973-SPC-NPM

SCOTT BEALE, AVIATION CAPITAL PARTNERS, LLC, AVIATION CAPITAL PARTNERS II, LLC, FAST BIRD, LLC, GH EQUIPMENT, LLC, AERODROME PROPERTIES, LLC,

Defendants,
_______________________________________/

**CASE MANAGEMENT AND SCHEDULING ORDER**

Having considered the parties' Uniform Case Management Report, the Court sets the following deadlines and scheduling events:

| DEADLINE | DATE |
|---|---|
| **Disclosure Statements** | COMPLETED |
| **Rule 26(a)(1) Mandatory Initial Disclosures** | ☐ Exchanged<br>☒ To be exchanged by September 18, 2026 |
| **Motions to Add or Join Parties or Amend Pleadings** | October 26, 2026 |
| **Rule 26(a)(2) Expert Disclosures** | Plaintiff: May 27, 2027<br>Defendant: June 28, 2027<br>Rebuttal: July 27, 2027 |
| **Discovery and Motions to Compel Discovery** | August 27, 2027 |
| **Mediation** | September 10, 2027 |

| DEADLINE | DATE |
|---|---|
| **Dispositive and *Daubert* Motions**[1] | October 1, 2027 |
| **Final Pretrial Meeting** | March 3, 2028 |
| **Motions in Limine** | March 13, 2028 |
| **Joint Final Pretrial Statement, Proposed Jury Instructions and Verdict Form, and Trial Briefs (if applicable)** | March 17, 2028 |
| **Final Pretrial Conference** | March 31, 2028 |
| **Monthly Trial Term** | April 3, 2028 |
| **Estimated Length of Trial** | 4 days |
| **Jury or Non-Jury** | Non-Jury |

**A. Compliance**

Counsel and all parties (represented and pro se) must comply with this Order. Motions to extend the above deadlines are **disfavored**. Deadlines may be modified only for good cause and with the judge's consent. Also, filing a motion to extend a deadline does not toll the time to comply with other deadlines set by rule or court order.

**B. Consent to Magistrate Judge**

At any time during this case, the parties may consent to proceed before the assigned Magistrate Judge to conduct some or all proceedings (including specified motions and trial) and enter final judgment by filing the appropriate AO85 form. A party may withhold consent without adverse consequences.

**C. Discovery**

1. *Rule 26(a)(2) Expert Disclosures*: The parties must comply with Rule 26(a)(2) by the deadline for expert disclosures. This deadline applies to both retained and non-retained experts. Expert testimony on direct examination at trial will be limited to the opinions, bases, reasons, data, and other information disclosed in the written expert report. Failure to disclose this information may cause the exclusion of all or part of the expert witness's testimony.

   If not previously provided or otherwise agreed, service of an expert report by any party **must include the disclosure of at least three dates of availability for the expert to be deposed** no sooner than one week and within three weeks after service of the expert's report. The parties are encouraged to discuss these scheduling issues well before the service

[1] *Daubert* motions must not be titled or filed as motions to strike. When filing on CM/ECF, use the "In Limine" event under Civil Events-Motions.

of such reports and to place calendar holds on dates as appropriate.

2. *Completion of Discovery*: The parties must act promptly and with diligence to complete discovery by the deadline. Discovery requests are untimely if the notice or response period provided by rule expires after the discovery deadline. The parties—by their own agreement—may conduct discovery after the discovery deadline but motions to compel filed after the discovery deadline are presumptively untimely and may be denied on that basis alone.

**D. Motions**

1. *Certification Under Local Rule 3.01(g)*

Before filing most motions, the movant must confer with the opposing party in a good faith effort to resolve issue(s).[2] Failure to comply with Local Rule 3.01(g) may cause the Court to deny or strike the motion.

At the end of the motion and under the heading "Local Rule 3.01(g) Certification," the movant:

- must certify that the movant has conferred with the opposing party,
- must state whether the parties agree on the resolution of all or part of the motion, and
- if the motion is opposed, must explain how the conference occurred.

For anything other than joint or unopposed motions, the term "confer" requires a substantive conversation in person, by telephone, or via videoconference. It does not envision an exchange of ultimatums by email or letter. Counsel who merely tries to confer has not "conferred."

If the opposing party is unavailable before the motion's filing, the movant after filing must try diligently for **3 days** to contact the opposing party. Promptly after either contact or expiration of the 3 days, the movant must supplement the motion with a statement certifying whether the parties have resolved all or part of the motion. Failure to timely supplement can result in denial of the motion without prejudice. The purposeful evasion of a communication under this rule can result in sanction.

2. *Failure to Respond to Motions*

Under Local Rule 3.01(c), if a party fails to timely respond to a motion, the motion is subject to treatment as unopposed.

3. *Emergency" or "Time-Sensitive" Motions*

Before filing a motion designated as an "emergency" or "time-sensitive," the movant must review Local Rule 3.01(e), *Henry v. The Fla. Bar*, No. 6:15-cv-1009-ORL-41TBS, 2015 WL 13590158 (M.D. Fla. Sept. 28, 2015), and *Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-00557-T-27EAJ, 2013

[2] A Local Rule 3.01(g) Certification is not required for a motion for injunctive relief, for judgment on the pleadings, for summary judgment, or to certify a class. It is required for all other motions, including Rule 12 motions to dismiss.

WL 12173591 (M.D. Fla. Nov. 13, 2013). If the motion warrants an emergency designation, the movant must call an assigned judge's chambers to advise about the filing. **The court may sanction a movant for an unwarranted designation of a motion as an emergency or time sensitive.**

4. *Motions for Summary Judgment*

a. Number of Motions: Only **one** motion for summary judgment may be filed by a party (or multiple parties represented by the same counsel) absent leave of Court.

b. Required Materials: A motion for summary judgment must include a memorandum of law in support and a specifically captioned section titled, "Statement of Material Facts" in a single document not to exceed **25 pages** in length. The statement of material facts must list each, separate material fact alleged not to be disputed in separate, numbered paragraphs. Each fact must be supported by a **pinpoint** citation to the specific part of the record relied on to support that fact. **Failure to submit a statement of material facts constitutes grounds to deny the motion.**

An opposition to a motion for summary judgment must include a memorandum of law and a specifically captioned section titled, "Response to Statement of Material Facts" in a single document not to exceed **20 pages** in length. The opposing party's response to the statement of material facts must mirror the statement of material facts by admitting and/or denying each of the moving party's assertions in matching numbered paragraphs. Each denial must set forth a **pinpoint** citation to the record where the fact is disputed. Although the opposing party's response must correspond with the paragraph scheme used in the statement of material facts, the response need not repeat the text of the moving party's paragraphs. In deciding a motion for summary judgment, **any fact that the opposing counsel or party does not specifically controvert and not otherwise included in the Response to Statement of Disputed Material Facts may also be deemed undisputed if supported by record evidence.**

The movant may file a reply brief not to exceed **7 pages** in length with **pinpoint** citations to the record within **14 days** after service of the response. Any motion for a sur-reply is disfavored and should be made only in exceptional circumstances.

When citing to the record, the parties should first use any CM/ECF designated document number and page number throughout the briefs. Where no CM/ECF citation is available, a specific format like "Ex. 1., p.2" should be used throughout the brief. Further, a general reference to a deposition is inadequate—the page and line number of the deposition transcript must be included. For example, a general reference to "Deposition of Jones" is insufficient.

c. Litigants Without Lawyers (pro se): For pro se litigants who oppose a motion for summary judgment, if the Court grants the motion, that decision will be the Court's **final decision**—so no trial will take place, and you will be precluded from later litigating this matter or any related matters. The Court thus **ADVISES** you that

**i.** not responding to the motion will mean you do not oppose the motion;

**ii.** all properly supported material facts submitted by the movant will be considered

admitted by you unless you file proper evidentiary materials like affidavits, depositions, and exhibits in opposition; and

**iii.** you may not rely solely on allegations in the unverified pleadings (e.g., complaint and answer) to oppose the motion.

*See Griffith v. Wainwright*, 772 F.2d 822, 825 (11th Cir. 1985). The Court also encourages you, as a pro se litigant, to visit its website for information on proceeding without a lawyer.

d. Deposition Transcripts as Exhibits: If depositions are filed to support a motion for summary judgment, the Court prefers the deposition be filed in its entirety (a condensed version is acceptable) with exhibits.

e. Exhibit Index: A motion for summary judgment or a response with exhibits totaling over 10 pages must include an index (see below) to the exhibits that lists the exhibit number and title of the exhibit. Counsel must file the index as the **last** attachment to the parent document.

| Number | Title |
|---|---|
| 1 | Affidavit of John Smith |
| 2 | Jane Doe's Deposition |
| 3-A | Contract Between XYZ Company and ABC Company (Part 1, Pages 1-15) |
| 3-B | Contract Between XYZ Company and ABC Company (Part 2, Pages 16-24) |
| 4 | XYZ Company General Ledgers |

f. Oral Argument: Unless specifically ordered, the Court will not hold oral argument on a summary judgment motion. If a party requests oral argument, it must do so in a separate document accompanying the party's motion or response and stating the time necessary.

g. Courtesy Copies: The parties must submit courtesy copies of any motion, response, and reply (including exhibits or other supporting evidentiary materials). **Courtesy copies must be submitted in three-ring binders and tabbed appropriately**. They should be mailed by United States Mail or other reliable service to Chambers promptly after the electronic filing.

**E. Mediation**

1. *Referral*: The assigned District Judge refers this case to mandatory mediation.
2. *Participation*: Lead counsel, the parties or a party's surrogate satisfactory to the mediator, and any necessary insurance carrier representative must attend the mediation in a **good faith effort** to resolve this suit. Any unexcused absence or departure from mediation is sanctionable. And

a failure by a required person to participate in good faith must be promptly reported to the assigned Magistrate Judge during or immediately after mediation.

Participants must be prepared to spend as much time as needed at mediation. The mediation will continue (including additional conferences) until the mediator declares an impasse or ends the mediation. Only the mediator may declare an impasse, which must not be the result of one or more required persons unreasonably declaring themselves no longer available.

3. *Deadline*: The parties must complete mediation on or before the deadline in the above table. Counsel must also confirm a mediation date agreeable to the mediator and the parties and then notify the Court of the date at least **14 days** before the mediation.

4. *Report of Mediator*: The mediator must report within **7 days** after mediation the result of the mediation and whether all required persons attended.

5. *Confidentiality*: The substance of the mediation is confidential, and no party, lawyer, or other participant is bound by, may record, or may disclose any event, including any statement confirming or denying a fact—except settlement—that occurs during the mediation.

**F. Final Pretrial Procedures**

1. *Final Pretrial Meeting*: By the above deadline, lead counsel and any unrepresented party must meet in person in a good faith effort to:

   a. discuss the possibility of settlement. The parties must exhaustively discuss settling before completing this Order's final trial preparations.

   b. stipulate to as many facts and issues as possible. The parties must make a meaningful effort to stipulate to facts and law, and to limit, narrow, and simplify the issues of fact and law that remain contested. Parties who have complied with this requirement in good faith will file a Joint Final Pretrial Statement listing far more agreed facts and principles of law than those that remain for determination at trial.

   c. examine all individual and joint exhibits to be offered at trial. The parties should also prepare and exchange exhibit lists bearing a description identifying each exhibit and sponsoring witness. Without good cause, the Court will not receive in evidence over objection any exhibits, including charts, diagrams, and demonstrative evidence, not presented to opposing counsel or unrepresented parties for inspection and copying at the required meeting, or not listed in the joint final pretrial statement.

   d. exchange the names and addresses of all witnesses and state the likelihood each witness will testify at trial.

   e. prepare a Joint Final Pretrial Statement.

2. *Joint Final Pretrial Statement*: By the above deadline, the parties must file a final pretrial statement that will govern trial. The statement must contain **all** items listed in Local Rule 3.06(b) and case-specific voir dire questions. The Court will strike pretrial statements that are unilateral, partly executed, or otherwise incomplete. Inadequate stipulations of fact and law

may also be stricken. Sanctions may be imposed for failure to comply, including the striking of pleadings.

a. *Depositions*: Specify the pages and lines of each deposition offered in lieu of live testimony, unless used only for impeachment. Include a page-and-line description of any testimony that remains in dispute with argument and authority for each party's position. Submit edited and marked electronic copies (for the portion offered by each party) of any depositions or deposition excerpts to be offered in evidence. Edited and marked electronic copies must also be emailed to the assigned District Judge's Chambers inbox before the final pretrial conference.

b. *Case-Specific Proposed Voir Dire Questions*: Jointly file proposed voir dire questions **specific** to the case for the Court's consideration. Proposed questions must also be emailed in Microsoft Word® format to the assigned District Judge's Chambers inbox.

3. *Trial Briefs*: For bench trials only, each party must file and serve a trial brief with proposed findings of fact and conclusions of law.

4. *Witness Lists*: By the Joint Final Pretrial Statement deadline above, each party must file and email in Microsoft Word® format to the assigned District Judge's Chambers inbox a list of all witnesses who may be called at trial. On the morning of trial before jury selection, each party must also give the Courtroom Deputy Clerk **3 copies** of their final witness lists.

   Each party must use the Civil Witness List form found on the Court's website. When filling out the form, counsel may ignore the column titled, "Date(s) Testified," which is for the Court's use only. Unlisted witnesses may not testify at trial absent good cause. This restriction does not apply to true rebuttal witnesses, i.e., witnesses whose testimony could not have been reasonably foreseen as necessary. Records custodians may be listed, but will not likely be called at trial, except in the rare event that authenticity or foundation is contested. Finally, the Court encourages stipulations of fact to avoid calling unnecessary witnesses.

5. *Exhibit Lists*: By the Joint Final Pretrial Statement deadline above, each party must file and email in Microsoft Word® format to the assigned District Judge's Chambers inbox a list of exhibits that may be introduced at trial. On the morning of trial before jury selection, each party must also give the Courtroom Deputy Clerk **3 copies** of their final exhibit lists.

   Each party must use the Exhibit List form on the Court's website. When filling out the form, counsel must provide a descriptive notation that identifies each exhibit. The Court will not receive unlisted exhibits into evidence at trial unless needed to further justice.

   Counsel must submit all stipulated exhibits as joint exhibits to avoid duplicate exhibits and confusion in the record. Counsel must identify joint exhibits on a single exhibit list rather than separately list the joint exhibits on their individual exhibit lists. For example, if a photograph is being stipulated into evidence, it should be marked as a joint exhibit and not listed separately on each party's exhibit list. Each party's individual exhibit list should include only exhibits to which objections have been asserted.

   When offering into evidence a document larger or smaller than 8.5"x11", counsel must also offer an 8.5"x11" reduction or enlargement of the exhibit. Counsel will be deemed to have

stipulated to the substitution of the photographs or 8.5"x11" reduction/enlargement of exhibits in the record on appeal, unless otherwise ordered by the Court. Objections to such photographs or reductions of exhibits must be listed in the Joint Final Pretrial Statement.

6. *Labeling Exhibits*: **Before trial** (and any evidentiary hearing), each party must mark exhibits using the exhibit labels from the clerk or the Court's website. Counsel must staple the appropriate tag to the upper right corner of the first page and use consecutive numbers to mark exhibits.

7. *Joint-Proposed Jury Instructions and Verdict Form*: By the deadline above, the parties must file and email to the assigned District Judge's Chambers inbox (in Microsoft Word® format) a single set of joint proposed jury instructions and a verdict form based on the Eleventh Circuit's pattern Jury Instructions. If a pattern instruction is unavailable, the parties must submit a joint-proposed instruction and supporting case law for that instruction. A party may include a contested charge at an appropriate place in the joint-proposed jury instructions. Any contested charge must designate the requesting party, cite authority for its inclusion, and summarize the opposing party's objection. The Court will deny slanted proposed instructions.

8. *Electronic Exhibit Binder* ***(required only for cases assigned to Judge Chappell and Judge Badalamenti)***: By noon on the day before the final pretrial conference, each party must provide Judge Chappell or Judge Badalamenti an electronic exhibit binder that contains all individual and joint exhibits to be introduced at trial.

   *For cases assigned to Judge Chappell*, the electronic exhibit binder is for her to use. So counsel need not also give her a hardcopy of the exhibit binder. But, because the electronic exhibit binder is for Judge Chappell only, counsel must still bring separate paper copies of all exhibits that may be introduced at trial.

   *For cases assigned to Judge Badalamenti*, counsel must provide him both an electronic exhibit binder and one hardcopy of the binder for him to use. In addition, counsel must bring separate paper copies of all exhibits that may be introduced at trial.

   To make the electronic exhibit binder, each separate exhibit must be saved as a PDF document and then combined with the other exhibits into a single PDF file. The single PDF file is the electronic exhibit binder. Within the single PDF file, counsel must identify each exhibit separately using PDF bookmarks. If an exhibit is physical evidence, counsel should insert a placeholder exhibit that states, "Exhibit [Number] is [description of exhibit]." When possible, counsel should text recognize any exhibit for the electronic exhibit binder.

   The electronic exhibit binder must be emailed to the Judge's Chambers inbox. If the file is too large to email, counsel should provide the Court the binder on a thumb drive. Any party unable to comply with this requirement must immediately contact the Courtroom Deputy Clerk.

9. *Courtroom Technology*: The Court requires counsel to use the courtroom technology during any trial or hearing. Parties should contact the Courtroom Deputy Clerk to test and learn the equipment well before any trial or hearing.

**G. <u>Final Pretrial Conference</u>**

1. *Attendance*: Lead counsel and any unrepresented party must attend the final pretrial conference

**in person** unless excused by the Court.

2. *Substance of Final Pretrial Conference*: Counsel and unrepresented parties must be prepared and authorized to accomplish the purposes in Federal Rule of Civil Procedure 16, including simplifying the issues, eliminating baseless claims or defenses, admitting facts and documents to avoid unnecessary proof, stipulating to the authenticity of documents, obtaining advance rulings on the admissibility of evidence, settlement, and use of special procedures to help resolve the dispute, disposing of pending motions, establishing a reasonable limit on the time allowed for presenting evidence, and other matters to facilitate the just, speedy, and inexpensive disposition of the case.

## H. Trial

1. *Monthly Trial Term and Trial Calendar*: This case is set for a monthly trial term. During the assigned trial term, counsel, parties, and witnesses must be prepared to proceed to trial within twenty-four hours of notice.

   **If the parties want a date certain for trial, they should consent to the assigned Magistrate Judge**.

   Generally, criminal cases are tried first, followed by civil jury trials, and then civil non-jury trials. Cases not reached during the trial term will be rolled to the next month's trial term after all criminal cases.

2. *Client Consent for a Trial Continuance*: If requesting a trial continuance, Local Rule 3.08(b) requires trial counsel to certify the client consents to the continuance.

3. *Reassigning Trial to Another District Judge*: The presiding District Judge may reassign this case at any time to any other consenting District Judge to handle dispositive motions and/or the trial.

4. *Resting at Trial*: Absent good cause, any party whose turn it is to provide evidence will be deemed to have rested if, during the hours designated for trial, that party has no further evidence or witnesses available.

5. *Settlement*: Counsel must **immediately** notify the Court if the action settles. After the Court issues the trial calendar, the parties must **immediately** tell the Court of any development that may affect trial. The Court will assess jury costs to the parties if they fail to inform it of settlement before the jury is called. Regardless of the status of settlement negotiations, the parties must appear for all scheduled hearings, the final pretrial conference, and trial.

## I. Taxing Costs and Motions for Attorney's Fees

1. *Taxing Costs*: The federal rules provide for costs to be taxed by the clerk and **not by motion to the court**. *See* Fed. R. Civ. P. 54(d)(1). The Local Rules require the same.

   Requests for taxable costs must be made within a reasonable time after the judgment by filing a complete Bill of Costs (AO Form 133) accompanied by an itemization and documentation of the requested costs. The Bill of Costs may only include costs taxable by statute, which does not include a mediator fee and caps private process-server fees to those

that would have been charged by the Marshal.

Before filing any a Bill of Costs, the parties must confer. The Court strongly encourages them to resolve any objections to a filed Bill of Costs by filing an amended Bill of Costs and/or Notice of No Objection within 14 days.

2. *Motion for Attorney's Fees and Expenses*: Under Local Rule 7.01(b), a party claiming fees and expenses must first move for a determination of entitlement within 14 days after entry of judgment. If the parties agree to entitlement, however, they need only file a joint stipulation to that effect within the 14-day deadline. A supplemental motion on amount must be filed as required by Local Rule 7.01(c).

**J. Sanctions**

The parties must employ the federal and local rules to secure the just, speedy, and inexpensive disposition of this action. S*ee* Fed. R. Civ. P. 1; 16(c)(2)(P). Parties or counsel who do not comply with this Order may be subject to sanctions including reasonable attorneys' fees and costs, striking of pleadings, entry of default, dismissal, a finding of contempt of court, or a monetary fine. *See* 28 U.S.C. § 1927; Fed. R. Civ. P. 16(f), 37; M.D. Fla. R. 3.01(g)(3), 3.10, 4.03(e).

**DONE** and **ORDERED** in Fort Myers, Florida on September 9, 2026.

/s/ Sheri Polster Chappell
Sheri Polster Chappell
United States District Judge

/s/ Kyle C. Dudek
Kyle C. Dudek
United States District Judge

/s/ Nicholas P. Mizell
Nicholas P. Mizell
United States Magistrate Judge

/s/ Kevin R. Huguelet
Kevin R. Huguelet
United States Magistrate Judge