**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

| | |
|---|---|
| **Talentscale, Inc.,**<br><br>*Plaintiff,*<br><br>**v.**<br><br>**Scott Beale, Aviation Capital Partners, LLC, Aviation Capital Partners II, LLC, Fast Bird, LLC, GH Equipment, LLC, and Aerodrome Properties, LLC,**<br><br>*Defendants.* | **Case No. 2:26-CV-1973** |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' RULE 12(B)(2) MOTION TO DISMISS**

The Entity Defendants, Aviation Capital Partners, LLC ("ACP"), Aviation Capital Partners II, LLC ("ACP II"), Fast Bird, LLC ("Fast Bird"), GH Equipment, LLC ("GH Equipment"), and Aerodrome Properties, LLC ("Aerodrome") (collectively, the "Entity Defendants") respectfully submit this Reply Memorandum in Support of their Rule 12(b)(2) Motion to Dismiss (ECF No. 17).

**ARGUMENT**

Subsection 48.193(1)(a)(1) of Florida's long-arm statute furnishes courts with personal jurisdiction over one who operates, conducts, engages in, or carries on a business or business venture in Florida or has an office or agency in Florida. Fla. Stat. § 48.193(1)(a)(1). This Court has noted that Section 48.193(1) "provides for personal

jurisdiction over persons who conduct a business or business venture in this state." *Consol. Mgt. Sols., Inc. v. Dennis*, No. 307-CV-1192-J16-MCR, 2008 WL 2694107, at *3 (M.D. Fla. July 7, 2008). This Court has also stressed that "[c]ourts *strictly* construe Fla. Stat. § 48.193." *Id.* (emphasis added) (dismissing a case brought under the long-arm statute despite the plaintiff's allegations that the defendant submitted a contract bid and payment invoices to Florida and exchanged correspondence including faxes and phone calls with Florida representatives concerning a project that was to occur in Arizona).

## I. PLAINTIFF CITED CASELAW THAT DOES NOT SUPPORT ITS POSITION, BUT ACTUALLY CUTS AGAINST IT.

Plaintiff heavily relied on *Kapila v. RJPT*, 357 So. 3d 241 (Fla. Dist. Ct. App. 2023). ECF No. 18, at 9–10. But *Kapila* does not support Plaintiff's position. For starters, *Kapila* involved a "six-year" business venture where RJPT, the defendant-investor, contracted with a Florida resident to purchase a business interest in a Florida company. *Id.* at 244. RJPT's agent "conducted due diligence in Florida," requested financial information from the Florida company, and traveled to the company's headquarters in Florida. *Id.* at 245. RJPT even agreed that "Hillsborough County, Florida shall be the exclusive venue for any suit" related to the agreement. *Id.*

For greater contrast, the agreement in *Kapila* specified that *performance* was to occur in Tampa, Florida. *Id.* And the defendant there (RJPT) continued to purchase and sell interests in the Florida company for *six years*. *Id.* RJPT also received dozens of distributions exceeding "18 million" dollars, which became the very subject of the

lawsuit in *Kapila*. *Id.* Thus, the court held that RJPT was subject to jurisdiction in Florida under the business-venture provision of Section 48.193. *Id.* But this case is nowhere close to *Kapila*.

Unlike in *Kapila*, Plaintiff has not alleged that any of the Entity Defendants (1) contracted to purchase a Florida company or otherwise conduct business in Florida, (2) negotiated in Florida, (3) sent an agent who traveled to Florida for that business purpose; or (4) agreed to contract performance *and* litigation in Florida. *See id.*; ECF No. 1, ¶ 17. In other words, Plaintiff has not alleged that any of the Entity Defendants were *engaged in* business in Florida, but only that they are partially owned by a Florida resident, Beale, who allegedly had certain monetary transactions with the Entity Defendants through Aery. ECF No. 1, ¶ 17. This allegation is not within Section 48.193's ambit, and it does not support a prima facie showing of personal jurisdiction.

## II. PLAINTIFF FAILED TO SHOW FLORIDA-DIRECTED COMMERCIAL ACTIVITY

Along the same incorrect lines, Plaintiff has argued that personal jurisdiction is proper over the Entity Defendants because of Beale's ownership interests, specifying the percentages Beale owns in each Entity Defendant. *See* ECF No. 18, at 9–12. That argument belabors the allegation that Aery, through Beale, made transfers to the Entity Defendants. *See id.* Yet any such transfers, even if directed by Beale, were not made to operate a business venture in Florida—as the long-arm statute requires. Plaintiff cannot blur the meaning of a "Florida-directed" commercial activity for jurisdictional purposes. *See* ECF No. 18, at 12. Plaintiff argued that Beale, as a Florida resident,

"directed" transfers of Aery funds to the Entity Defendants, which ostensibly constitutes "Florida-directed" business activity. That is wrong.

This Court recently exercised personal jurisdiction over a defendant primarily because of its "Florida-directed" commercial activity that was "directly related" to the plaintiff's claims. *Drink LMNT, Inc. v. ELMNT, LLC*, No. 2:25-CV-1018-SPC-KRH, 2026 WL 1999875, at *6 (M.D. Fla. July 11, 2026) (delineating the plaintiff's allegations that the defendant marketed, promoted, and sold products in Florida, targeting Florida residents). So a Florida-directed commercial activity is not one directed *by* a Florida resident and executed elsewhere, as Plaintiff alleges. Instead, it is one directed *at* Florida. And here, there is nothing in the Complaint that could be used to establish the type of Florida-directed business activity contemplated by § 48.193(1)(a)(1).

Courts have stressed that the "long-arm statute must be strictly construed" such that "any doubts" about its applicability "must be resolved in favor of the defendant and against a conclusion that jurisdiction exists." *Keston v. FirstCollect, Inc.*, 523 F. Supp. 2d 1348, 1353 n.2 (S.D. Fla. 2007). Given the deficiency in Plaintiff's allegations and the strict-construction requirement of the long-arm statute, Plaintiff cannot meet its burden of establishing personal jurisdiction over the Entity Defendants.

## III. PLAINTIFF FAILED TO SHOW HOW THE EXERCISE OF JURISDICTION OVER THE ENTITY DEFENDANTS COMPORTS WITH DUE PROCESS.

Plaintiff next argued that the Entity Defendants purposefully availed themselves "of Florida," noting the stringent requirement for contacts based on the defendant's

deliberate conduct rather than contacts that are random or created solely by another party. ECF No. 18, at 14. Plaintiff argued that it alleged "deliberate conduct" and proceeded to describe that conduct as having "economic arrangements with Aery" through Aery's controlling member, Beale. ECF No. 18, at 14. This is not deliberate conduct directed *at* Florida.

Plaintiff acknowledged that Aery is a Virginia company and that none of the Entity Defendants are organized in Florida. ECF No. 1, at ¶¶ 9–14. And Plaintiff did not allege that the Entity Defendants conduct business in Florida. *See id.* Accordingly, there is nothing Plaintiff could argue to explain how Aery's transactions with five entities who do not operate in Florida can possibly subject the entities to personal jurisdiction in Florida. Plaintiff insisted that the Entity Defendants "benefited" from the Aery transactions. ECF No. 18, at 14. At best, though, this could show that the Entity Defendants benefited from a transaction with a Virginia entity that happened to be controlled by a Florida resident. This is not the same as benefiting *from* Florida. In short, nowhere did Plaintiff show how the Entity Defendants purposefully availed themselves of Florida through deliberate contacts with Florida.

Plaintiff next argued that jurisdiction exists based on "Florida connections aris[ing] from Defendants' alleged business structure." ECF No. 18, at 15. But this Court has rejected a similar argument based on two entity defendants' "ownership structure." *Goforit Ent. LLC v. Digimedia.com LP*, 513 F. Supp. 2d 1325, 1331 (M.D. Fla. 2007). In *Goforit*, this Court held that "the fact that [one defendant] is a Florida corporation and is a limited partner of [two other entity defendants] is not sufficient to

support exercise of personal jurisdiction over [the two entity defendants].” 513 F. Supp. 2d at 1333.

Just as many courts have “rejected the contention that the presence of a partner in [a] state is sufficient to confer jurisdiction” over a partnership, *id.* at 1332, this Court should reject the contention that Beale’s presence in Florida is sufficient to confer jurisdiction over entities of which Beale is a member. *Goforit* rebuts directly Plaintiff’s position, despite involving an LP instead of an LLC, as the citizenship of both entities is determined identically. *Goforit*, 513 F. Supp. 2d at 1331. Whether Mr. Beale is a Florida resident who has some direction in transactions between Aery and the Entity Defendants *does not* dicate that the Entity Defendants are amenable to personal jurisdiction in Florida. Plaintiff cannot sue any entity over which Beale exerts some control simply because Beale is a Florida resident. This fails the minimum-contacts test, which requires that each “defendant purposefully directs activities at Florida and litigation arises out of those activities, or the defendant purposefully avails himself of the privilege of conducting activities within the forum state.” *Crowe v. Paragon Relocation Res., Inc.*, 506 F. Supp. 2d 1113, 1119 (N.D. Fla. 2007) (quotations omitted).

Plaintiff belabored Beale’s involvement in Aery’s transactions, but the Complaint does not allege that those transactions occurred in Florida. *See* ECF No. 18, at 14–15. Thus, Plaintiff failed to show that the Entity Defendants directed activities “at Florida.” *Id.*

## IV. THE NORTHERN DISTRICT OF FLORIDA'S EARLIER DECISION IN A RELATED MATTER SUPPORTS THE ENTITY DEFENDANTS' POSITION.

Plaintiff argued that the Entity Defendants may not rely on an earlier, related case, *Talentscale, Inc. v. Aery Aviation*, LLC, 807 F. Supp. 3d 1354 (N.D. Fla. 2025). The main import of that decision is that Plaintiff failed on a substantively identical argument there, except that it was presented as a general jurisdiction argument. 807 F. Supp. 3d at 1359 (rejecting Plaintiff's argument "that this court possesses general personal jurisdiction over Aery because Aery is a limited liability company, limited liability companies are citizens of the states of which their members are citizens, and one of Aery's four members—Scott Beale—is a citizen of Florida"). The Complaint reads just like Plaintiff's unsuccessful argument there. *See* ECF No. 1, ¶¶ 8–14, 17.

All Plaintiff did here is restyle its previous failing position as a specific jurisdiction argument, adding the unavailing element that Beale directed the transactions between Aery and the Entity Defendants. *See* ECF No. 18, at 18. But that changes nothing. Whether general or specific, this Court lacks personal jurisdiction over the Entity Defendants.

## CONCLUSION

For the foregoing reasons, the Entity Defendants respectfully request that this Court grant their motion to dismiss for lack of personal jurisdiction (ECF No. 17).

Respectfully Submitted,

Aviation Capital Partners, LLC
Aviation Capital Partners II, LLC
Fast Bird, LLC, GH Equipment, LLC
Aerodrome Properties, LLC

By: /s/ Rachel L. T. Rodriguez
*Counsel for Defendants*

Rachel L.T. Rodriguez
FL Bar No. 110425
Vires Law Group, PLLC
515 N. Flagler Dr., Suite 350
West Palm Beach, FL 33401
Tel: (561) 370-7383
rrodriguez@vireslaw.group

Justin R. Burch (VSB No. 92135)
PRO HAC VICE
Davis, Burch & Abrams
555 Belaire Ave, Suite 340
Chesapeake, VA 23320
Tel: (757) 410-2293
justin.burch@davisba.com

*Counsel for GH Equipment, LLC*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 3.01(a) and (e), the undersigned certifies that the foregoing Reply complies with the applicable seven-page limitation. Excluding the portions of the filing excluded from the page computation under Local Rule 3.01(a), the Reply does not exceed seven pages.

By: /s/ Rachel L. T. Rodriguez

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of September 2026, a true and accurate copy of the foregoing was electronically filed via the Court's CM/ECF system, which will send notification of such filing to the following:

Kenneth E. Chase
CHASE LAW & ASSOCIATES, PA
951 Yamato Road, Suite 280
Boca Raton, FL 33431
Tel: 305-402-9800
kchase@chaselaw.com
*Counsel for Plaintiff.*

By: /s/ Rachel L. T. Rodriguez
*Counsel for Defendants.*