UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TALENTSCALE, INC.,

Plaintiff,

v.

SCOTT BEALE, AVIATION CAPITAL PARTNERS, LLC, AVIATION CAPITAL PARTNERS II, LLC, FAST BIRD, LLC, GH EQUIPMENT, LLC, and AERODROME PROPERTIES, LLC,

Defendants.

Case 2:26-cv-01973-SPC-NPM

# **NOTICE OF SUBPOENA**

Please see attached subpoenas.

Respectfully submitted,

CHASE LAW & ASSOCIATES, P.A.

By: *<u>/s/ Kenneth E. Chase</u>*
Kenneth E. Chase
Florida Bar No. 17661
Chase Law & Associates, P.A.
951 Yamato Road, Suite 280
Boca Raton, FL 33431
Tel: (305) 402-9800
Fax: (305) 402-2725
Email: kchase@chaselaw.com

*Counsel for Plaintiff*
*Talentscale, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I, Kenneth E. Chase, hereby certify that I served the foregoing via email to Defendants' counsel on September 25, 2026.

By: *<u>/s/ Kenneth E. Chase</u>*
Kenneth E. Chase

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

TALENTSCALE, INC.,
*Plaintiff*
v.
SCOTT BEALE, et al.,
*Defendant*

Civil Action No. 2:26-cv-01973-SPC-NPM

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: AUTOMATIC DATA PROCESSING, INC.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A.

| Place: 951 Yamato Road, Boca Raton, FL 33431, or via email: kchase@chaselaw.com and dsturges@chaselaw.com | Date and Time: 10/09/2026 10:00 am |
| --- | --- |

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
| --- | --- |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/25/2026

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

OR

/s/ Kenneth E. Chase
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Talentscale, Inc., who issues or requests this subpoena, are:

Kenneth Chase, 951 Yamato Road, Suite 280, Boca Raton, FL 33431, (305) 402-9800, kchase@chaselaw.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# EXHIBIT "A"

Produce all documents in native format and as Bates-numbered PDFs

1. For any account in the name of Aviation Capital Partners, LLC, from January 1, 2021 to the present time, produce all:

   A. Client service agreements, amendments, bank account authorization forms, and reporting agent authorizations, with signatories, including any ADP TotalSource or other co-employment or professional employer organization agreement.
   B. Records identifying every authorized user and administrator, with access level, dates of access, and login history.
   C. Records identifying every bank account used to fund payroll, taxes, or fees, with bank name, routing and account number, and the date each account was added or removed and who requested the change.
   D. ACH debit records for every funding transaction, with date, amount, and source account.
   E. Cash requirements statements or cash requirements reports for every pay run.
   F. Payroll registers for every pay period, regular and off-cycle.
   G. Payroll journals.
   H. Earnings statements.
   I. Direct deposit registers, including the routing and account number receiving each deposit.
   J. Check registers, including manual, void, and reissued checks.
   K. Pay card records, including Wisely card enrollment, issuance, cardholder identity, and load history.
   L. Employee master file and earnings records for every employee and officer, including name, address, hire and termination dates, pay rate history, and direct deposit setup, and including all compensation, bonuses, distributions, and reimbursements paid to Scott Beale and any other officer or member.
   M. Time and attendance records, timecards, punch data, and timecard edit or approval history.
   N. Forms 941, 940, W-2, W-3, 1099-NEC, 1099-MISC, and 1096, and all state withholding and unemployment returns, filed on behalf of the above-referenced company.
   O. Statements of deposits and filings showing tax amounts impounded and remitted to each agency.
   P. Garnishment and lien payment records.

Q. Invoices from ADP to the above-referenced company and payment history.
R. Correspondence between ADP and the above-referenced company or its users concerning funding, account changes, returned debits, or termination of service.

2. For any account in the name of Aviation Capital Partners II, LLC, from January 1, 2021 to the present time, produce all:

A. Client service agreements, amendments, bank account authorization forms, and reporting agent authorizations, with signatories, including any ADP TotalSource or other co-employment or professional employer organization agreement.
B. Records identifying every authorized user and administrator, with access level, dates of access, and login history.
C. Records identifying every bank account used to fund payroll, taxes, or fees, with bank name, routing and account number, and the date each account was added or removed and who requested the change.
D. ACH debit records for every funding transaction, with date, amount, and source account.
E. Cash requirements statements or cash requirements reports for every pay run.
F. Payroll registers for every pay period, regular and off-cycle.
G. Payroll journals.
H. Earnings statements.
I. Direct deposit registers, including the routing and account number receiving each deposit.
J. Check registers, including manual, void, and reissued checks.
K. Pay card records, including Wisely card enrollment, issuance, cardholder identity, and load history.
L. Employee master file and earnings records for every employee and officer, including name, address, hire and termination dates, pay rate history, and direct deposit setup, and including all compensation, bonuses, distributions, and reimbursements paid to Scott Beale and any other officer or member.
M. Time and attendance records, timecards, punch data, and timecard edit or approval history.
N. Forms 941, 940, W-2, W-3, 1099-NEC, 1099-MISC, and 1096, and all state withholding and unemployment returns, filed on behalf of the above-referenced company.

O. Statements of deposits and filings showing tax amounts impounded and remitted to each agency.
P. Garnishment and lien payment records.
Q. Invoices from ADP to the above-referenced company and payment history.
R. Correspondence between ADP and the above-referenced company or its users concerning funding, account changes, returned debits, or termination of service.

3. For any account in the name of Fast Bird, LLC, from January 1, 2021 to the present time, produce all:

A. Client service agreements, amendments, bank account authorization forms, and reporting agent authorizations, with signatories, including any ADP TotalSource or other co-employment or professional employer organization agreement.
B. Records identifying every authorized user and administrator, with access level, dates of access, and login history.
C. Records identifying every bank account used to fund payroll, taxes, or fees, with bank name, routing and account number, and the date each account was added or removed and who requested the change.
D. ACH debit records for every funding transaction, with date, amount, and source account.
E. Cash requirements statements or cash requirements reports for every pay run.
F. Payroll registers for every pay period, regular and off-cycle.
G. Payroll journals.
H. Earnings statements.
I. Direct deposit registers, including the routing and account number receiving each deposit.
J. Check registers, including manual, void, and reissued checks.
K. Pay card records, including Wisely card enrollment, issuance, cardholder identity, and load history.
L. Employee master file and earnings records for every employee and officer, including name, address, hire and termination dates, pay rate history, and direct deposit setup, and including all compensation, bonuses, distributions, and reimbursements paid to Scott Beale and any other officer or member.
M. Time and attendance records, timecards, punch data, and timecard edit or approval history.

N. Forms 941, 940, W-2, W-3, 1099-NEC, 1099-MISC, and 1096, and all state withholding and unemployment returns, filed on behalf of the above-referenced company.
O. Statements of deposits and filings showing tax amounts impounded and remitted to each agency.
P. Garnishment and lien payment records.
Q. Invoices from ADP to the above-referenced company and payment history.
R. Correspondence between ADP and the above-referenced company or its users concerning funding, account changes, returned debits, or termination of service.

4. For any account in the name of GH Equipment, LLC, from January 1, 2021 to the present time, produce all:

A. Client service agreements, amendments, bank account authorization forms, and reporting agent authorizations, with signatories, including any ADP TotalSource or other co-employment or professional employer organization agreement.
B. Records identifying every authorized user and administrator, with access level, dates of access, and login history.
C. Records identifying every bank account used to fund payroll, taxes, or fees, with bank name, routing and account number, and the date each account was added or removed and who requested the change.
D. ACH debit records for every funding transaction, with date, amount, and source account.
E. Cash requirements statements or cash requirements reports for every pay run.
F. Payroll registers for every pay period, regular and off-cycle.
G. Payroll journals.
H. Earnings statements.
I. Direct deposit registers, including the routing and account number receiving each deposit.
J. Check registers, including manual, void, and reissued checks.
K. Pay card records, including Wisely card enrollment, issuance, cardholder identity, and load history.
L. Employee master file and earnings records for every employee and officer, including name, address, hire and termination dates, pay rate history, and direct deposit setup, and including all compensation, bonuses, distributions, and reimbursements paid to Scott Beale and any other officer or member.

M. Time and attendance records, timecards, punch data, and timecard edit or approval history.
N. Forms 941, 940, W-2, W-3, 1099-NEC, 1099-MISC, and 1096, and all state withholding and unemployment returns, filed on behalf of the above-referenced company.
O. Statements of deposits and filings showing tax amounts impounded and remitted to each agency.
P. Garnishment and lien payment records.
Q. Invoices from ADP to the above-referenced company and payment history.
R. Correspondence between ADP and the above-referenced company or its users concerning funding, account changes, returned debits, or termination of service.

5. For any account in the name of Aerodrome Properties, LLC, from January 1, 2021 to the present time, produce all:

A. Client service agreements, amendments, bank account authorization forms, and reporting agent authorizations, with signatories, including any ADP TotalSource or other co-employment or professional employer organization agreement.
B. Records identifying every authorized user and administrator, with access level, dates of access, and login history.
C. Records identifying every bank account used to fund payroll, taxes, or fees, with bank name, routing and account number, and the date each account was added or removed and who requested the change.
D. ACH debit records for every funding transaction, with date, amount, and source account.
E. Cash requirements statements or cash requirements reports for every pay run.
F. Payroll registers for every pay period, regular and off-cycle.
G. Payroll journals.
H. Earnings statements.
I. Direct deposit registers, including the routing and account number receiving each deposit.
J. Check registers, including manual, void, and reissued checks.
K. Pay card records, including Wisely card enrollment, issuance, cardholder identity, and load history.
L. Employee master file and earnings records for every employee and officer, including name, address, hire and termination dates, pay rate history, and direct deposit setup, and including all

compensation, bonuses, distributions, and reimbursements paid to Scott Beale and any other officer or member.

M. Time and attendance records, timecards, punch data, and timecard edit or approval history.
N. Forms 941, 940, W-2, W-3, 1099-NEC, 1099-MISC, and 1096, and all state withholding and unemployment returns, filed on behalf of the above-referenced company.
O. Statements of deposits and filings showing tax amounts impounded and remitted to each agency.
P. Garnishment and lien payment records.
Q. Invoices from ADP to the above-referenced company and payment history.
R. Correspondence between ADP and the above-referenced company or its users concerning funding, account changes, returned debits, or termination of service.

6. For any account in the name of Aery Aviation LLC, from January 1, 2021 to the present time, produce all:

A. Client service agreements, amendments, bank account authorization forms, and reporting agent authorizations, with signatories, including any ADP TotalSource or other co-employment or professional employer organization agreement.
B. Records identifying every authorized user and administrator, with access level, dates of access, and login history.
C. Records identifying every bank account used to fund payroll, taxes, or fees, with bank name, routing and account number, and the date each account was added or removed and who requested the change.
D. ACH debit records for every funding transaction, with date, amount, and source account.
E. Cash requirements statements or cash requirements reports for every pay run.
F. Payroll registers for every pay period, regular and off-cycle.
G. Payroll journals.
H. Earnings statements.
I. Direct deposit registers, including the routing and account number receiving each deposit.
J. Check registers, including manual, void, and reissued checks.
K. Pay card records, including Wisely card enrollment, issuance, cardholder identity, and load history.

L. Employee master file and earnings records for every employee and officer, including name, address, hire and termination dates, pay rate history, and direct deposit setup, and including all compensation, bonuses, distributions, and reimbursements paid to Scott Beale and any other officer or member.
M. Time and attendance records, timecards, punch data, and timecard edit or approval history.
N. Forms 941, 940, W-2, W-3, 1099-NEC, 1099-MISC, and 1096, and all state withholding and unemployment returns, filed on behalf of the above-referenced company.
O. Statements of deposits and filings showing tax amounts impounded and remitted to each agency.
P. Garnishment and lien payment records.
Q. Invoices from ADP to the above-referenced company and payment history.
R. Correspondence between ADP and the above-referenced company or its users concerning funding, account changes, returned debits, or termination of service.

7. For the period January 1, 2021 to the present, produce all records identifying every account on which Sean Boyd, Scott Beale, Patty Nelson, or any other officer, member, manager, or employee of the companies identified in paragraphs 1 through 6 is or was an authorized user or administrator, and every account funded from any bank account that also funded an account of Aery Aviation LLC or Aerodrome Properties, LLC, together with the documents described in paragraphs 1 through 6 for each such account.

Civil Action No. 2:26-cv-01973-SPC-NPM

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ____________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________________
______________________________________________________________
______________________________ on *(date)* ____________ ; or

❒ I returned the subpoena unexecuted because: ______________________
______________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ____________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

| | | |
|---|---|---|
| TALENTSCALE, INC., *Plaintiff* v. SCOTT BEALE, et al., *Defendant* | ) ) ) ) ) ) | Civil Action No. 2:26-cv-01973-SPC-NPM |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: BILL.COM, LLC

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A.

| Place: 951 Yamato Road, Boca Raton, FL 33431, or via email: kchase@chaselaw.com and dsturges@chaselaw.com | Date and Time: 10/09/2026 10:00 am |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/25/2026

*CLERK OF COURT*

OR

/s/ Kenneth E. Chase

*Signature of Clerk or Deputy Clerk* — *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Talentscale, Inc. , who issues or requests this subpoena, are:

Kenneth Chase, 951 Yamato Road, Suite 280, Boca Raton, FL 33431, (305) 402-9800, kchase@chaselaw.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT "A"**

Produce all documents in native format and as Bates-numbered PDFs

1. For any account in the name of Aviation Capital Partners, LLC, from January 1, 2021 to the present time, produce all:

   A. Account opening records, including the name, address, and identity documents of the person who opened the account, beneficial ownership information collected at onboarding, tax identification documents, organization documents, W-9 forms, and bank statements submitted at onboarding or thereafter.
   B. Records identifying every authorized user and administrator, with role, dates of access, and login history.
   C. Records identifying every bank account linked to the account, with bank name, routing and account number, the date each was linked or removed, and who linked it.
   D. ACH debit records for every funding transaction from a linked bank account, with date and amount.
   E. Account statements, transaction history, and payment history, including for each payment the payee, amount, date, payment method, funding account, check number, clearing date, memo or description, and whether the payment was recurring or scheduled.
   F. Vendor and payee records, including for each payee the name, address, tax identification number, W-9, and bank routing and account number on file, and whether the payee is an individual or an entity.
   G. Records of every payment from any account of the above-referenced company to Scott Beale, any member of his family, any entity he owns or controls, or any of Aviation Capital Partners, LLC, Aviation Capital Partners II, LLC, Fast Bird, LLC, GH Equipment, LLC, Aerodrome Properties, LLC, and Aery Aviation LLC.
   H. Bills, invoices, and supporting documents uploaded to the account, with approval history showing who approved each payment.
   I. Receivables records, including invoices issued through the account and payments received, with the receiving bank account.
   J. Records of every card issued under the account, virtual or physical, with cardholder name, card last four, issue date, and cancellation date, and the complete card transaction history.
   K. Loans, financing arrangements, or credit extended to the above-referenced company through you or your affiliates, including

applications, credit decisions, disbursement and repayment ledgers, and any UCC financing statements filed against the above-referenced company.

L. Audit logs showing changes to users, payees, cards, and linked bank accounts.
M. Records identifying any accounting, ERP, HRIS, or payroll system connected to the account.
N. Contracts, agreements, and invoices between you and the above-referenced company.
O. Correspondence between you and the above-referenced company or its users.
P. Your internal communications concerning the above-referenced company.
Q. Cashback, rebate, refund, and credit records showing amounts you paid or credited to the above-referenced company and the account to which each was sent.
R. Forms 1099-NEC, 1099-MISC, and 1096 prepared or filed through the account, and any other tax forms or information returns maintained by you pertaining to the above-referenced company.
S. Any payroll records, payroll registers, earnings statements, cash requirements reports, or Forms 941, 940, W-2, or W-3 maintained by you pertaining to the above-referenced company.

2. For any account in the name of Aviation Capital Partners II, LLC, from January 1, 2021 to the present time, produce all:

A. Account opening records, including the name, address, and identity documents of the person who opened the account, beneficial ownership information collected at onboarding, tax identification documents, organization documents, W-9 forms, and bank statements submitted at onboarding or thereafter.
B. Records identifying every authorized user and administrator, with role, dates of access, and login history.
C. Records identifying every bank account linked to the account, with bank name, routing and account number, the date each was linked or removed, and who linked it.
D. ACH debit records for every funding transaction from a linked bank account, with date and amount.
E. Account statements, transaction history, and payment history, including for each payment the payee, amount, date, payment

method, funding account, check number, clearing date, memo or description, and whether the payment was recurring or scheduled.

F. Vendor and payee records, including for each payee the name, address, tax identification number, W-9, and bank routing and account number on file, and whether the payee is an individual or an entity.
G. Records of every payment from any account of the above-referenced company to Scott Beale, any member of his family, any entity he owns or controls, or any of Aviation Capital Partners, LLC, Aviation Capital Partners II, LLC, Fast Bird, LLC, GH Equipment, LLC, Aerodrome Properties, LLC, and Aery Aviation LLC.
H. Bills, invoices, and supporting documents uploaded to the account, with approval history showing who approved each payment.
I. Receivables records, including invoices issued through the account and payments received, with the receiving bank account.
J. Records of every card issued under the account, virtual or physical, with cardholder name, card last four, issue date, and cancellation date, and the complete card transaction history.
K. Loans, financing arrangements, or credit extended to the above-referenced company through you or your affiliates, including applications, credit decisions, disbursement and repayment ledgers, and any UCC financing statements filed against the above-referenced company.
L. Audit logs showing changes to users, payees, cards, and linked bank accounts.
M. Records identifying any accounting, ERP, HRIS, or payroll system connected to the account.
N. Contracts, agreements, and invoices between you and the above-referenced company.
O. Correspondence between you and the above-referenced company or its users.
P. Your internal communications concerning the above-referenced company.
Q. Cashback, rebate, refund, and credit records showing amounts you paid or credited to the above-referenced company and the account to which each was sent.
R. Forms 1099-NEC, 1099-MISC, and 1096 prepared or filed through the account, and any other tax forms or information returns maintained by you pertaining to the above-referenced company.

S. Any payroll records, payroll registers, earnings statements, cash requirements reports, or Forms 941, 940, W-2, or W-3 maintained by you pertaining to the above-referenced company.

3. For any account in the name of Fast Bird, LLC, from January 1, 2021 to the present time, produce all:

A. Account opening records, including the name, address, and identity documents of the person who opened the account, beneficial ownership information collected at onboarding, tax identification documents, organization documents, W-9 forms, and bank statements submitted at onboarding or thereafter.
B. Records identifying every authorized user and administrator, with role, dates of access, and login history.
C. Records identifying every bank account linked to the account, with bank name, routing and account number, the date each was linked or removed, and who linked it.
D. ACH debit records for every funding transaction from a linked bank account, with date and amount.
E. Account statements, transaction history, and payment history, including for each payment the payee, amount, date, payment method, funding account, check number, clearing date, memo or description, and whether the payment was recurring or scheduled.
F. Vendor and payee records, including for each payee the name, address, tax identification number, W-9, and bank routing and account number on file, and whether the payee is an individual or an entity.
G. Records of every payment from any account of the above-referenced company to Scott Beale, any member of his family, any entity he owns or controls, or any of Aviation Capital Partners, LLC, Aviation Capital Partners II, LLC, Fast Bird, LLC, GH Equipment, LLC, Aerodrome Properties, LLC, and Aery Aviation LLC.
H. Bills, invoices, and supporting documents uploaded to the account, with approval history showing who approved each payment.
I. Receivables records, including invoices issued through the account and payments received, with the receiving bank account.
J. Records of every card issued under the account, virtual or physical, with cardholder name, card last four, issue date, and cancellation date, and the complete card transaction history.

K. Loans, financing arrangements, or credit extended to the above-referenced company through you or your affiliates, including applications, credit decisions, disbursement and repayment ledgers, and any UCC financing statements filed against the above-referenced company.
L. Audit logs showing changes to users, payees, cards, and linked bank accounts.
M. Records identifying any accounting, ERP, HRIS, or payroll system connected to the account.
N. Contracts, agreements, and invoices between you and the above-referenced company.
O. Correspondence between you and the above-referenced company or its users.
P. Your internal communications concerning the above-referenced company.
Q. Cashback, rebate, refund, and credit records showing amounts you paid or credited to the above-referenced company and the account to which each was sent.
R. Forms 1099-NEC, 1099-MISC, and 1096 prepared or filed through the account, and any other tax forms or information returns maintained by you pertaining to the above-referenced company.
S. Any payroll records, payroll registers, earnings statements, cash requirements reports, or Forms 941, 940, W-2, or W-3 maintained by you pertaining to the above-referenced company.

4. For any account in the name of GH Equipment, LLC, from January 1, 2021 to the present time, produce all:

A. Account opening records, including the name, address, and identity documents of the person who opened the account, beneficial ownership information collected at onboarding, tax identification documents, organization documents, W-9 forms, and bank statements submitted at onboarding or thereafter.
B. Records identifying every authorized user and administrator, with role, dates of access, and login history.
C. Records identifying every bank account linked to the account, with bank name, routing and account number, the date each was linked or removed, and who linked it.
D. ACH debit records for every funding transaction from a linked bank account, with date and amount.

E. Account statements, transaction history, and payment history, including for each payment the payee, amount, date, payment method, funding account, check number, clearing date, memo or description, and whether the payment was recurring or scheduled.
F. Vendor and payee records, including for each payee the name, address, tax identification number, W-9, and bank routing and account number on file, and whether the payee is an individual or an entity.
G. Records of every payment from any account of the above-referenced company to Scott Beale, any member of his family, any entity he owns or controls, or any of Aviation Capital Partners, LLC, Aviation Capital Partners II, LLC, Fast Bird, LLC, GH Equipment, LLC, Aerodrome Properties, LLC, and Aery Aviation LLC.
H. Bills, invoices, and supporting documents uploaded to the account, with approval history showing who approved each payment.
I. Receivables records, including invoices issued through the account and payments received, with the receiving bank account.
J. Records of every card issued under the account, virtual or physical, with cardholder name, card last four, issue date, and cancellation date, and the complete card transaction history.
K. Loans, financing arrangements, or credit extended to the above-referenced company through you or your affiliates, including applications, credit decisions, disbursement and repayment ledgers, and any UCC financing statements filed against the above-referenced company.
L. Audit logs showing changes to users, payees, cards, and linked bank accounts.
M. Records identifying any accounting, ERP, HRIS, or payroll system connected to the account.
N. Contracts, agreements, and invoices between you and the above-referenced company.
O. Correspondence between you and the above-referenced company or its users.
P. Your internal communications concerning the above-referenced company.
Q. Cashback, rebate, refund, and credit records showing amounts you paid or credited to the above-referenced company and the account to which each was sent.

R. Forms 1099-NEC, 1099-MISC, and 1096 prepared or filed through the account, and any other tax forms or information returns maintained by you pertaining to the above-referenced company.

S. Any payroll records, payroll registers, earnings statements, cash requirements reports, or Forms 941, 940, W-2, or W-3 maintained by you pertaining to the above-referenced company.

5. For any account in the name of Aerodrome Properties, LLC, from January 1, 2021 to the present time, produce all:

A. Account opening records, including the name, address, and identity documents of the person who opened the account, beneficial ownership information collected at onboarding, tax identification documents, organization documents, W-9 forms, and bank statements submitted at onboarding or thereafter.

B. Records identifying every authorized user and administrator, with role, dates of access, and login history.

C. Records identifying every bank account linked to the account, with bank name, routing and account number, the date each was linked or removed, and who linked it.

D. ACH debit records for every funding transaction from a linked bank account, with date and amount.

E. Account statements, transaction history, and payment history, including for each payment the payee, amount, date, payment method, funding account, check number, clearing date, memo or description, and whether the payment was recurring or scheduled.

F. Vendor and payee records, including for each payee the name, address, tax identification number, W-9, and bank routing and account number on file, and whether the payee is an individual or an entity.

G. Records of every payment from any account of the above-referenced company to Scott Beale, any member of his family, any entity he owns or controls, or any of Aviation Capital Partners, LLC, Aviation Capital Partners II, LLC, Fast Bird, LLC, GH Equipment, LLC, Aerodrome Properties, LLC, and Aery Aviation LLC.

H. Bills, invoices, and supporting documents uploaded to the account, with approval history showing who approved each payment.

I. Receivables records, including invoices issued through the account and payments received, with the receiving bank account.

J. Records of every card issued under the account, virtual or physical, with cardholder name, card last four, issue date, and cancellation date, and the complete card transaction history.
K. Loans, financing arrangements, or credit extended to the above-referenced company through you or your affiliates, including applications, credit decisions, disbursement and repayment ledgers, and any UCC financing statements filed against the above-referenced company.
L. Audit logs showing changes to users, payees, cards, and linked bank accounts.
M. Records identifying any accounting, ERP, HRIS, or payroll system connected to the account.
N. Contracts, agreements, and invoices between you and the above-referenced company.
O. Correspondence between you and the above-referenced company or its users.
P. Your internal communications concerning the above-referenced company.
Q. Cashback, rebate, refund, and credit records showing amounts you paid or credited to the above-referenced company and the account to which each was sent.
R. Forms 1099-NEC, 1099-MISC, and 1096 prepared or filed through the account, and any other tax forms or information returns maintained by you pertaining to the above-referenced company.
S. Any payroll records, payroll registers, earnings statements, cash requirements reports, or Forms 941, 940, W-2, or W-3 maintained by you pertaining to the above-referenced company.

6. For any account in the name of Aery Aviation LLC, from January 1, 2021 to the present time, produce all:

A. Account opening records, including the name, address, and identity documents of the person who opened the account, beneficial ownership information collected at onboarding, tax identification documents, organization documents, W-9 forms, and bank statements submitted at onboarding or thereafter.
B. Records identifying every authorized user and administrator, with role, dates of access, and login history.
C. Records identifying every bank account linked to the account, with bank name, routing and account number, the date each was linked or removed, and who linked it.

D. ACH debit records for every funding transaction from a linked bank account, with date and amount.
E. Account statements, transaction history, and payment history, including for each payment the payee, amount, date, payment method, funding account, check number, clearing date, memo or description, and whether the payment was recurring or scheduled.
F. Vendor and payee records, including for each payee the name, address, tax identification number, W-9, and bank routing and account number on file, and whether the payee is an individual or an entity.
G. Records of every payment from any account of the above-referenced company to Scott Beale, any member of his family, any entity he owns or controls, or any of Aviation Capital Partners, LLC, Aviation Capital Partners II, LLC, Fast Bird, LLC, GH Equipment, LLC, Aerodrome Properties, LLC, and Aery Aviation LLC.
H. Bills, invoices, and supporting documents uploaded to the account, with approval history showing who approved each payment.
I. Receivables records, including invoices issued through the account and payments received, with the receiving bank account.
J. Records of every card issued under the account, virtual or physical, with cardholder name, card last four, issue date, and cancellation date, and the complete card transaction history.
K. Loans, financing arrangements, or credit extended to the above-referenced company through you or your affiliates, including applications, credit decisions, disbursement and repayment ledgers, and any UCC financing statements filed against the above-referenced company.
L. Audit logs showing changes to users, payees, cards, and linked bank accounts.
M. Records identifying any accounting, ERP, HRIS, or payroll system connected to the account.
N. Contracts, agreements, and invoices between you and the above-referenced company.
O. Correspondence between you and the above-referenced company or its users.
P. Your internal communications concerning the above-referenced company.
Q. Cashback, rebate, refund, and credit records showing amounts you paid or credited to the above-referenced company and the account to which each was sent.

R. Forms 1099-NEC, 1099-MISC, and 1096 prepared or filed through the account, and any other tax forms or information returns maintained by you pertaining to the above-referenced company.
S. Any payroll records, payroll registers, earnings statements, cash requirements reports, or Forms 941, 940, W-2, or W-3 maintained by you pertaining to the above-referenced company.

7. For the period January 1, 2021 to the present, produce all records identifying every account on which Sean Boyd, Scott Beale, Patty Nelson, or any other officer, member, manager, or employee of the companies identified in paragraphs 1 through 6 is or was an authorized user or administrator, and every account funded from any bank account that also funded an account of Aery Aviation LLC or Aerodrome Properties, LLC, together with the documents described in paragraphs 1 through 6 for each such account.

Civil Action No. 2:26-cv-01973-SPC-NPM

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________

on *(date)* ______________ .

❐ I served the subpoena by delivering a copy to the named person as follows: ______________________

______________________ on *(date)* ______________ ; or

❐ I returned the subpoena unexecuted because: ______________________

______________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ______________ .

My fees are $ ______________ for travel and $ ______________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________
*Server's signature*

______________________
*Printed name and title*

______________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

TALENTSCALE, INC.,
*Plaintiff*
v.
SCOTT BEALE, et al.,
*Defendant*

Civil Action No. 2:26-cv-01973-SPC-NPM

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: MESHPAY US, INC.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A.

| Place: 951 Yamato Road, Boca Raton, FL 33431, or via email: kchase@chaselaw.com and dsturges@chaselaw.com | Date and Time: 10/09/2026 10:00 am |
|---|---|

❐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/25/2026

*CLERK OF COURT*

_________________________
*Signature of Clerk or Deputy Clerk*

OR

/s/ Kenneth E. Chase
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Talentscale, Inc., who issues or requests this subpoena, are:

Kenneth Chase, 951 Yamato Road, Suite 280, Boca Raton, FL 33431, (305) 402-9800, kchase@chaselaw.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# EXHIBIT "A"

Produce all documents in native format and as Bates-numbered PDFs

1. For any account in the name of Aviation Capital Partners, LLC, from January 1, 2021 to the present time, produce all:

   A. Account opening records, including the name, address, and identity documents of the person who opened the account, beneficial ownership information collected at onboarding, tax identification documents, and W-9 forms.
   B. Onboarding, know your business, and know your customer submissions for the above-referenced company, including ownership and control person disclosures, organization documents, and bank statements provided to you at onboarding or thereafter.
   C. Records identifying every authorized user and administrator, with role, dates of access, and login history.
   D. Records identifying every bank account linked to the account for funding, with bank name, routing and account number, the date each was linked or removed, and who requested the change.
   E. ACH load and funding history showing every transfer into the Mesh balance, with source account, date, and amount.
   F. Wire and ACH receipts for every deposit or repayment, identifying the originating bank, account holder, account number, amount, and date.
   G. Payment processing addenda, third party agreements, and third party funder records, including the identity of any third party that funded the account and all funds received from it.
   H. Capital Advance and Revolving Line of Credit records, including applications, credit decisions, credit limit changes, disbursement and repayment ledgers, balance reminders, guaranties, security agreements, and any UCC financing statements filed against the above-referenced company.
   I. Monthly statements and balance history.
   J. Records of every card issued, virtual and physical, with cardholder name, card last four, issue date, and cancellation date.
   K. Complete card transaction history, including merchant, amount, date, cardholder, and card used.
   L. Vendor, subscription, and bill payment records for payments made through the platform, including payee name, address, bank routing and account number, amount, and date.

M. Records of every payment from any account of the above-referenced company to Scott Beale, any member of his family, any entity he owns or controls, or any of Aviation Capital Partners, LLC, Aviation Capital Partners II, LLC, Fast Bird, LLC, GH Equipment, LLC, Aerodrome Properties, LLC, and Aery Aviation LLC.
N. Receipts and supporting documents uploaded for each transaction.
O. Spend policies and approval history.
P. Audit logs showing changes to users, cards, and funding accounts.
Q. Accounting, ERP, or HRIS sync records identifying the systems connected to the account.
R. Cashback, rebate, refund, and credit records showing amounts you paid or credited to the above-referenced company and the account to which each was sent.
S. Contracts, agreements, and invoices between you and the above-referenced company.
T. Correspondence between you and the above-referenced company or its users.
U. Your internal communications concerning the above-referenced company, including communications among your customer success, compliance, finance, and credit risk personnel.
V. Any tax forms, information returns, payroll records, or payroll registers maintained by you pertaining to the above-referenced company.

2. For any account in the name of Aviation Capital Partners II, LLC, from January 1, 2021 to the present time, produce all:

A. Account opening records, including the name, address, and identity documents of the person who opened the account, beneficial ownership information collected at onboarding, tax identification documents, and W-9 forms.
B. Onboarding, know your business, and know your customer submissions for the above-referenced company, including ownership and control person disclosures, organization documents, and bank statements provided to you at onboarding or thereafter.
C. Records identifying every authorized user and administrator, with role, dates of access, and login history.

D. Records identifying every bank account linked to the account for funding, with bank name, routing and account number, the date each was linked or removed, and who requested the change.
E. ACH load and funding history showing every transfer into the Mesh balance, with source account, date, and amount.
F. Wire and ACH receipts for every deposit or repayment, identifying the originating bank, account holder, account number, amount, and date.
G. Payment processing addenda, third party agreements, and third party funder records, including the identity of any third party that funded the account and all funds received from it.
H. Capital Advance and Revolving Line of Credit records, including applications, credit decisions, credit limit changes, disbursement and repayment ledgers, balance reminders, guaranties, security agreements, and any UCC financing statements filed against the above-referenced company.
I. Monthly statements and balance history.
J. Records of every card issued, virtual and physical, with cardholder name, card last four, issue date, and cancellation date.
K. Complete card transaction history, including merchant, amount, date, cardholder, and card used.
L. Vendor, subscription, and bill payment records for payments made through the platform, including payee name, address, bank routing and account number, amount, and date.
M. Records of every payment from any account of the above-referenced company to Scott Beale, any member of his family, any entity he owns or controls, or any of Aviation Capital Partners, LLC, Aviation Capital Partners II, LLC, Fast Bird, LLC, GH Equipment, LLC, Aerodrome Properties, LLC, and Aery Aviation LLC.
N. Receipts and supporting documents uploaded for each transaction.
O. Spend policies and approval history.
P. Audit logs showing changes to users, cards, and funding accounts.
Q. Accounting, ERP, or HRIS sync records identifying the systems connected to the account.
R. Cashback, rebate, refund, and credit records showing amounts you paid or credited to the above-referenced company and the account to which each was sent.
S. Contracts, agreements, and invoices between you and the above-referenced company.

T. Correspondence between you and the above-referenced company or its users.
U. Your internal communications concerning the above-referenced company, including communications among your customer success, compliance, finance, and credit risk personnel.
V. Any tax forms, information returns, payroll records, or payroll registers maintained by you pertaining to the above-referenced company.

3. For any account in the name of Fast Bird, LLC, from January 1, 2021 to the present time, produce all:

A. Account opening records, including the name, address, and identity documents of the person who opened the account, beneficial ownership information collected at onboarding, tax identification documents, and W-9 forms.
B. Onboarding, know your business, and know your customer submissions for the above-referenced company, including ownership and control person disclosures, organization documents, and bank statements provided to you at onboarding or thereafter.
C. Records identifying every authorized user and administrator, with role, dates of access, and login history.
D. Records identifying every bank account linked to the account for funding, with bank name, routing and account number, the date each was linked or removed, and who requested the change.
E. ACH load and funding history showing every transfer into the Mesh balance, with source account, date, and amount.
F. Wire and ACH receipts for every deposit or repayment, identifying the originating bank, account holder, account number, amount, and date.
G. Payment processing addenda, third party agreements, and third party funder records, including the identity of any third party that funded the account and all funds received from it.
H. Capital Advance and Revolving Line of Credit records, including applications, credit decisions, credit limit changes, disbursement and repayment ledgers, balance reminders, guaranties, security agreements, and any UCC financing statements filed against the above-referenced company.
I. Monthly statements and balance history.

J. Records of every card issued, virtual and physical, with cardholder name, card last four, issue date, and cancellation date.
K. Complete card transaction history, including merchant, amount, date, cardholder, and card used.
L. Vendor, subscription, and bill payment records for payments made through the platform, including payee name, address, bank routing and account number, amount, and date.
M. Records of every payment from any account of the above-referenced company to Scott Beale, any member of his family, any entity he owns or controls, or any of Aviation Capital Partners, LLC, Aviation Capital Partners II, LLC, Fast Bird, LLC, GH Equipment, LLC, Aerodrome Properties, LLC, and Aery Aviation LLC.
N. Receipts and supporting documents uploaded for each transaction.
O. Spend policies and approval history.
P. Audit logs showing changes to users, cards, and funding accounts.
Q. Accounting, ERP, or HRIS sync records identifying the systems connected to the account.
R. Cashback, rebate, refund, and credit records showing amounts you paid or credited to the above-referenced company and the account to which each was sent.
S. Contracts, agreements, and invoices between you and the above-referenced company.
T. Correspondence between you and the above-referenced company or its users.
U. Your internal communications concerning the above-referenced company, including communications among your customer success, compliance, finance, and credit risk personnel.
V. Any tax forms, information returns, payroll records, or payroll registers maintained by you pertaining to the above-referenced company.

4. For any account in the name of GH Equipment, LLC, from January 1, 2021 to the present time, produce all:

A. Account opening records, including the name, address, and identity documents of the person who opened the account, beneficial ownership information collected at onboarding, tax identification documents, and W-9 forms.
B. Onboarding, know your business, and know your customer submissions for the above-referenced company, including

ownership and control person disclosures, organization documents, and bank statements provided to you at onboarding or thereafter.

C. Records identifying every authorized user and administrator, with role, dates of access, and login history.
D. Records identifying every bank account linked to the account for funding, with bank name, routing and account number, the date each was linked or removed, and who requested the change.
E. ACH load and funding history showing every transfer into the Mesh balance, with source account, date, and amount.
F. Wire and ACH receipts for every deposit or repayment, identifying the originating bank, account holder, account number, amount, and date.
G. Payment processing addenda, third party agreements, and third party funder records, including the identity of any third party that funded the account and all funds received from it.
H. Capital Advance and Revolving Line of Credit records, including applications, credit decisions, credit limit changes, disbursement and repayment ledgers, balance reminders, guaranties, security agreements, and any UCC financing statements filed against the above-referenced company.
I. Monthly statements and balance history.
J. Records of every card issued, virtual and physical, with cardholder name, card last four, issue date, and cancellation date.
K. Complete card transaction history, including merchant, amount, date, cardholder, and card used.
L. Vendor, subscription, and bill payment records for payments made through the platform, including payee name, address, bank routing and account number, amount, and date.
M. Records of every payment from any account of the above-referenced company to Scott Beale, any member of his family, any entity he owns or controls, or any of Aviation Capital Partners, LLC, Aviation Capital Partners II, LLC, Fast Bird, LLC, GH Equipment, LLC, Aerodrome Properties, LLC, and Aery Aviation LLC.
N. Receipts and supporting documents uploaded for each transaction.
O. Spend policies and approval history.
P. Audit logs showing changes to users, cards, and funding accounts.
Q. Accounting, ERP, or HRIS sync records identifying the systems connected to the account.

R. Cashback, rebate, refund, and credit records showing amounts you paid or credited to the above-referenced company and the account to which each was sent.
S. Contracts, agreements, and invoices between you and the above-referenced company.
T. Correspondence between you and the above-referenced company or its users.
U. Your internal communications concerning the above-referenced company, including communications among your customer success, compliance, finance, and credit risk personnel.
V. Any tax forms, information returns, payroll records, or payroll registers maintained by you pertaining to the above-referenced company.

5. For any account in the name of Aerodrome Properties, LLC, from January 1, 2021 to the present time, produce all:

A. Account opening records, including the name, address, and identity documents of the person who opened the account, beneficial ownership information collected at onboarding, tax identification documents, and W-9 forms.
B. Onboarding, know your business, and know your customer submissions for the above-referenced company, including ownership and control person disclosures, organization documents, and bank statements provided to you at onboarding or thereafter.
C. Records identifying every authorized user and administrator, with role, dates of access, and login history.
D. Records identifying every bank account linked to the account for funding, with bank name, routing and account number, the date each was linked or removed, and who requested the change.
E. ACH load and funding history showing every transfer into the Mesh balance, with source account, date, and amount.
F. Wire and ACH receipts for every deposit or repayment, identifying the originating bank, account holder, account number, amount, and date.
G. Payment processing addenda, third party agreements, and third party funder records, including the identity of any third party that funded the account and all funds received from it.
H. Capital Advance and Revolving Line of Credit records, including applications, credit decisions, credit limit changes, disbursement

and repayment ledgers, balance reminders, guaranties, security agreements, and any UCC financing statements filed against the above-referenced company.

I. Monthly statements and balance history.

J. Records of every card issued, virtual and physical, with cardholder name, card last four, issue date, and cancellation date.

K. Complete card transaction history, including merchant, amount, date, cardholder, and card used.

L. Vendor, subscription, and bill payment records for payments made through the platform, including payee name, address, bank routing and account number, amount, and date.

M. Records of every payment from any account of the above-referenced company to Scott Beale, any member of his family, any entity he owns or controls, or any of Aviation Capital Partners, LLC, Aviation Capital Partners II, LLC, Fast Bird, LLC, GH Equipment, LLC, Aerodrome Properties, LLC, and Aery Aviation LLC.

N. Receipts and supporting documents uploaded for each transaction.

O. Spend policies and approval history.

P. Audit logs showing changes to users, cards, and funding accounts.

Q. Accounting, ERP, or HRIS sync records identifying the systems connected to the account.

R. Cashback, rebate, refund, and credit records showing amounts you paid or credited to the above-referenced company and the account to which each was sent.

S. Contracts, agreements, and invoices between you and the above-referenced company.

T. Correspondence between you and the above-referenced company or its users.

U. Your internal communications concerning the above-referenced company, including communications among your customer success, compliance, finance, and credit risk personnel.

V. Any tax forms, information returns, payroll records, or payroll registers maintained by you pertaining to the above-referenced company.

6. For any account in the name of Aery Aviation LLC, from January 1, 2021 to the present time, produce all:

   A. Account opening records, including the name, address, and identity documents of the person who opened the account, beneficial ownership information collected at onboarding, tax identification documents, and W-9 forms.
   B. Onboarding, know your business, and know your customer submissions for the above-referenced company, including ownership and control person disclosures, organization documents, and bank statements provided to you at onboarding or thereafter.
   C. Records identifying every authorized user and administrator, with role, dates of access, and login history.
   D. Records identifying every bank account linked to the account for funding, with bank name, routing and account number, the date each was linked or removed, and who requested the change.
   E. ACH load and funding history showing every transfer into the Mesh balance, with source account, date, and amount.
   F. Wire and ACH receipts for every deposit or repayment, identifying the originating bank, account holder, account number, amount, and date.
   G. Payment processing addenda, third party agreements, and third party funder records, including the identity of any third party that funded the account and all funds received from it.
   H. Capital Advance and Revolving Line of Credit records, including applications, credit decisions, credit limit changes, disbursement and repayment ledgers, balance reminders, guaranties, security agreements, and any UCC financing statements filed against the above-referenced company.
   I. Monthly statements and balance history.
   J. Records of every card issued, virtual and physical, with cardholder name, card last four, issue date, and cancellation date.
   K. Complete card transaction history, including merchant, amount, date, cardholder, and card used.
   L. Vendor, subscription, and bill payment records for payments made through the platform, including payee name, address, bank routing and account number, amount, and date.
   M. Records of every payment from any account of the above-referenced company to Scott Beale, any member of his family, any entity he owns or controls, or any of Aviation Capital Partners,

LLC, Aviation Capital Partners II, LLC, Fast Bird, LLC, GH Equipment, LLC, Aerodrome Properties, LLC, and Aery Aviation LLC.

N. Receipts and supporting documents uploaded for each transaction.
O. Spend policies and approval history.
P. Audit logs showing changes to users, cards, and funding accounts.
Q. Accounting, ERP, or HRIS sync records identifying the systems connected to the account.
R. Cashback, rebate, refund, and credit records showing amounts you paid or credited to the above-referenced company and the account to which each was sent.
S. Contracts, agreements, and invoices between you and the above-referenced company.
T. Correspondence between you and the above-referenced company or its users.
U. Your internal communications concerning the above-referenced company, including communications among your customer success, compliance, finance, and credit risk personnel.
V. Any tax forms, information returns, payroll records, or payroll registers maintained by you pertaining to the above-referenced company.

7. For the period January 1, 2021 to the present, produce all records identifying every account on which Sean Boyd, Scott Beale, Patty Nelson, or any other officer, member, manager, or employee of the companies identified in paragraphs 1 through 6 is or was an authorized user or administrator, and every account funded from any bank account that also funded an account of Aery Aviation LLC or Aerodrome Properties, LLC, together with the documents described in paragraphs 1 through 6 for each such account.

Civil Action No. 2:26-cv-01973-SPC-NPM

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________

on *(date)* ____________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________________

______________________________________________________________

______________________________________ on *(date)* ____________ ; or

❒ I returned the subpoena unexecuted because: ______________________

______________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ____________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).