UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TALENTSCALE, INC.,

Plaintiff,

v. Case No.: 2:26-cv-1973-SPC-NPM

SCOTT BEALE, et al.,

Defendants.

---

**OPINION AND ORDER**

Before the Court is Defendants Aviation Capital Partners, LLC, Aviation Capital Partners II, LLC, Fast Bird, LLC, GH Equipment, LLC, and Aerodrome Properties, LLC's Rule 12(b)(2) Motion to Dismiss (Doc. 17), Plaintiff Talentscale, Inc.'s response (Doc. 18), and Defendants' reply (Doc. 35). The Court need not address the merits of the motion because the complaint is a shotgun pleading. So the complaint is dismissed without prejudice. The motion, which does not raise the shotgun pleading issue, is denied as moot.

Federal Rule of Civil Procedure 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Shotgun pleadings violate this rule "by fail[ing] . . . to give the defendant adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm City Beach Cnty. Sheriff's Office*, 792

F.3d 1313, 1321–23 (11th Cir. 2015) (defining the four types of shotgun pleadings). "[D]istrict courts have a duty to sua sponte order repleading when faced with a complaint that can be characterized as 'shotgun.'" *Bourjolly v. Werner Auto. Holdings*, No. 6:25-CV-15-DCI, 2026 WL 1004619, at *2 (M.D. Fla. Apr. 14, 2026) (collecting cases).

In this case involving alleged fraudulent transfers, Plaintiff brings seventeen claims against six defendants in the 69-page complaint. (Doc. 1). The complaint begins with 133 general allegations, then incorporates all of those into every count. (*See generally id.*). This is true regardless of which defendant(s) the claim is against and whether the facts pertain to the applicable defendant(s) or claim. (*See generally id.*). For example, Count II is against only Aviation Capital Partners, LLC. (*Id.* at 38). However, it incorporates irrelevant allegations regarding all other corporate defendants. (*See id.* at 12–16, 38). The same problem persists in virtually every count in the complaint.

This pleading tactic constitutes a quintessential shotgun pleading. *See Johnson Enters. of Jacksonville v. FPL Grp., Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998) (stating that impermissible shotgun pleadings "invariably begin with a long list of general allegations, most of which are immaterial to most of the claims for relief" and then "[t]he general allegations are incorporated by reference into each count of the complaint."); *Chudasama v. Mazda Motor*

*Corp.*, 123 F.3d 1353, 1359 n.9 (11th Cir. 1997) (finding the complaint was an "all-too-typical shotgun pleading" because "[e]ach count has two numbered paragraphs, the first of which incorporates by reference all forty-three paragraphs of factual allegations"); *Tennison v. City of Decatur, Alabama*, No. 5:25-CV-1466-HDM, 2026 WL 539472, at *4 (N.D. Ala. Feb. 26, 2026) ("This undifferentiated mass incorporation of factual paragraphs into each claim renders the complaint a shotgun pleading.").

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). Even so, in non-merits dismissals on shotgun pleading grounds, the Eleventh Circuit requires district courts to allow a litigant one chance to remedy such deficiencies. *See, e.g.*, *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1280 (11th Cir. 2006). This is Plaintiff's chance.

Because the Court dismisses the complaint without prejudice on shotgun pleading grounds alone, Defendants' motion is moot. However, while amending the complaint, Plaintiff should take Defendants' arguments into consideration and ensure that the amended complaint adequately pleads personal jurisdiction over Defendants.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's complaint (Doc. 1) is **DISMISSED without prejudice**.

2. On or before **November 9, 2026**, Plaintiff must file an amended complaint that corrects the deficiencies outlined above. **Failure to comply may result in the Court dismissing and closing this case without further notice.**

3. Defendants' Rule 12(b)(2) Motion to Dismiss (Doc. 17) is **DENIED as moot**.

**DONE** and **ORDERED** in Fort Myers, Florida on October 9, 2026.

Sheri Polster Chappell
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record